No. 19.—DAVID J. DAVIS, plaintiff in error, *vs.* DERMOD DEMPSEY, defendant in error.

[1.] A Court has power, for sufficient cause, to set aside a rule absolute against a Sheriff.

[2.] That there is no foundation for the rule absolute, and that it was obtained by fraud, is a sufficient cause for setting it aside.

Motion in Bibb Superior Court. Decided by Judge POWERS, November Term, 1853.

At May Term, 1853, a rule *nisi* was granted against David J. Davis, as Sheriff, requiring him to show cause why he should not pay to Dermod Dempsey, the amount due on a mortgage *fi. fa.* against one Thomas Williams. No cause being shown, the rule was made absolute.

At November Term, 1853, the Sheriff moved to set aside the rule absolute, upon the following grounds:

Davis *vs.* Dempsey.

1st. Because plaintiff was himself, a purchaser of the property sold, to the amount of $524 $\frac{43}{100}$ upon which purchases, no money was paid; but, by agreement, it was to be allowed as a credit on the plaintiff's *fi. fa.* while the rule absolute is for the whole amount—not allowing this as a credit.

2d. Because there were two mortgages, the other being in favor of Scott, Carhart & Co. and the mortgagees, or their agents, were both present at the sale; and when the property was put up for sale, it was bid off by the mortgagee in whose mortgage it was included, and the price was to be credited on his mortgage. This was by agreement of parties; no money was paid.

3d. That when the rule *nisi* was served upon him, he supposed, and so learned from the parties in interest, that the object was simply to adjust their respective rights under said agreement, and not to require the defendant to pay over money which he had never received. For this reason, he failed to make return, and did not know of the existence of the rule absolute, until after the adjournment of the Court.

4th. That the sales amounted to . . . . . . . . . . . $3034,85

| | | |
|---|---:|---:|
| D. Dempsey's purchases, | $524,34 | |
| Scott, Carhart & Co. | 140,65 | |
| T. A. Goodwin, on mortgage, | 2179,54 | |
| Sales for cash | 190,32 | |
| | | |
| Commissions, | $37,93 | |
| Expenses, &c. | 60,75 | |
| Advertising, | 270,00 | |

leaving in his hands, nothing.

5th. That the goods purchased by Goodwin, and Scott, Carhart & Co., were not embraced in the mortgage to Dempsey. The goods sold for cash, were embraced partly in both mortgages.

This motion was made under oath. The Court refused the motion, and this decision is assigned as error.

STUBBS & HILL, HALL & CAREY, for plaintiff.

WHITTLE & POE, for defendant.

*By the Court.*—BENNING, J. delivering the opinion.

Ought the motion to set aside the rule absolute, against the Sheriff, to have been granted? This is the only question for decision in this case.

[1.] That the Court had the *power* to grant the motion, there can be no question. *Chipman vs. Barron,* (2 *Ga. R.* 231–2.)

2. Was there sufficient cause shown to the Court to require the Court to grant the motion? Most certainly there was.

[2.] It was shown to the Court, first, that the Sheriff had not, in fact, ever had anything in his hands due the defendant, Dempsey; second, that the rule absolute had been obtained against him by fraud.

It was shown that the sales of all of the property included in both mortgages, amounted to $3034,85; that of these sales, the share of Dempsey, was

| | |
|---|---|
| the share of Dempsey, was | $524,34 |
| of Scott, Carhart & Co. | 140,65 |
| of T. A. Goodwin, | 2179,54 |
| of cash, | 190,32 |
| | |
| That the expenses of sale amounted to | $60,75 |
| The Advertising to | 270,00 |
| Commissions to | 37,93 |

That the property bought by Scott, Carhart & Co., and by Goodwin, was not included in the mortgage of Dempsey; that the property which was sold for cash, was included in both mortgages, and that this did not sell for enough to pay for commissions, expenses and advertising; that the property which Dempsey bought, was included in his mortgage, and that for this, the Sheriff had never received the purchase money; that by agreement between Scott, Carhart & Co., the mortgagees

Davis *vs.* Dempsey.

in one of the mortgages, and Dempsey, the mortgagee in the other ; the mortgagees, respectively, were to buy the property ; each party buying such property as might be contained in his mortgage, and the amount bought by each was to be credited on his mortgage ; and that Dempsey received the property which he bought.

This being the state of things shown to the Court, it was, shown that the Sheriff, at the time when the rule against him was made absolute, had nothing in his hands due to Dempsey ; and that Dempsey, therefore, was not entitled to a judgment absolute, against him.

But yet, he obtained such a judgment. How? By fraud, as was shown to the Court.

When the rule *nisi* was served on the Sheriff, " he supposed, and *so learned from the parties* in interest, that the object was, simply to adjust their respective rights under the agreement, and not to require him to pay over money which he had never received. For this reason, he failed to make return ; and he did not know of the existence of the rule absolute against him, until after the adjournment of the Court ". This was shown to the Court below.

Now, a judgment obtained by means of this sort, is plainly obtained by fraud ; and the obtaining of a judgment by fraud is cause sufficient for setting aside the judgment, at the instance of the defrauded party.

For this cause, the Sheriff moved the Court to set aside the judgment absolute ; and he made his motion within a reasonable time after he had become aware of the existence of the judgment.

It follows that the Court ought to have granted the motion. But the Court over-ruled the motion ; the Court, therefore, erred.