Holcombe *vs.* Dupree.

JOHN R. HOLCOMBE, plaintiff in error, *vs.* THOMAS W. DUPREE, defendant in error.

1. When there was a rule absolute taken against a sheriff in 1860, for failing to raise certain money under a *fi. fa.*, and in 1867 an attachment was moved for against the sheriff, and he showed for cause against the attachment that he was not and never had been in contempt of the process of the Court; that though the original *fi. fa.* had been in his

hands, the failure to raise the money on it was, in consequence of written orders of the plaintiff, not to proceed with it ; that the rule absolute was taken by consent and at the request of the plaintiff, with intent thus to induce the defendant's agent and representative to pay it, and with the express agreement that it was not to be used against the sheriff:

*Held,* That the foundation of a rule absolute is the contempt of the Court in the failure of the sheriff to obey its order. And the rule will not be enforced by attachment, but will be set aside, if it be made to appear that the officer is not really liable, and the judgment on the rule is for this purpose always open, under the discretion of the Court, to a rehearing.

2. In this case, if the answer of the sheriff be true, (and the demurrer admits the truth,) the rule absolute ought not to have been granted, as the sheriff was not in contempt, and it was error in the Court to grant the attachment under the admitted facts set forth in the record.

Rule against officer. Attachment. Contempt. Before Judge HARVEY. Haralson Superior Court. March Term, 1873.

At the April term, 1860, of Haralson Superior Court, Thomas W. Dupree obtained judgment against Wilson F. Blackstock, for the principal sum of $635 91, besides interest and costs. Execution was issued May 21st, 1860. At the October term, 1860, a rule *nisi* was issued against the sheriff, requiring him to show cause why he had not made the money on said execution. At the same term the rule was made absolute.

At the October term, 1866, a rule *nisi* was issued against the sheriff requiring him to show cause at the next term why he should not be attached for contempt in failing to comply with the rule absolute granted at the October term, 1860.

At the April term, 1867, the sheriff answered that on the 25th of April, 1860, he received written instructions from the plaintiff in *fi. fa.* not to levy until further orders ; that when ordered, to-wit: on the 24th of November, 1860, he levied on the land of the defendant, the sale of which was enjoined, and that afterwards the entire property of defendant was disposed of under and by direction of the Court ; that defendant in *fi. fa.* was killed only a few days before the October term, 1860, of said Superior Court ; that it was

Holcombe *vs.* Dupree.

known to the plaintiff that defendant had the money to pay off the *fi. fa.* at the time of his death, and that counsel for plaintiff in *fi. fa.* assured respondent, while the motion for the rule absolute was pending, that if obtained, the said rule should never be enforced against him; that it was sought only for the purpose of inducing the legal representative of defendant to pay the *fi. fa.*; that he was thus induced not to defend the rule; that after the rule was obtained, and contrary to the expectation of the said counsel and himself, the administrator of defendant in *fi. fa.* was enjoined by a Court of equity from paying the debts of his intestate, except as might thereafter be decreed by the Court; that a motion had been made, and was still pending in that Court, to have the rule absolute set aside and declared void for fraud.

Plaintiff in *fi. fa.* joined issue on the answer at the April term, 1867. Thus the case stood till the March term, 1873, when the sheriff amended his answer as follows: He denies that he was liable when the rule *nisi* against him was made absolute, because he says he had obeyed strictly the orders of plaintiff in *fi. fa.*; that while the motion for rule absolute was pending, counsel for plaintiff told respondent that he had learned that defendant had left money in the hands of his widow, and requested her, just before his death, to pay this debt, but that she hesitated to pay it, and doubted her safety in doing so unless there was a rule against respondent; that he was then and there induced by the said counsel not to defend the said rule under the positive promise that the rule, if obtained, should never be enforced against him, and that the same should only be used for the purpose of inducing the widow of defendant to pay the *fi. fa.*; that relying upon this promise he suffered the rule to be made absolute without objection, therefore it should be set aside for fraud. Respondent offered to amend further by adding that plaintiff had, by his negligence, allowed the original judgment against the defendant in *fi. fa.* to become dormant, which amendment the Court refused to allow, and respondent excepted.

Plaintiff demurred to the answer as amended. The demurrer was allowed, and respondent excepted.

After argument the Court passed an order overruling the motion to set aside the rule absolute, and directing the arrest and imprisonment of respondent till the *fi. fa.* should be paid. To which ruling he excepted.

Error is assigned upon each of the above grounds of exception.

WILLIAM J. HEAD, by Z. D. HARRISON, for plaintiff in error.

JOSEPH A. BLANCE, by E. N. BROYLES, for defendant.

McCAY, Judge.

1. This Court, in two cases, has decided that rules absolute against the sheriff for contempt, do not stand altogether like judgments between parties. They do not operate as estoppels, but the Court, upon a proper case made, will go behind the order and look into the truth of the case : See *Chipman vs. Barron*, 2 *Kelly*, 220, 15 *Georgia*, 182. As the sheriff's answer is not traversed, it is to be taken as true. If it be true, he never was in contempt. His failure to execute the process was by reason of a written order of the plaintiff not to do so. The rule absolute was taken by consent and with a definite purpose other than to treat the sheriff in contempt. There was, too, a special agreement not to press it against the sheriff. This was, in fact, a fraud upon the sheriff. In an ordinary judgment the sheriff would, perhaps, be estopped by the judgment from setting up, at least, by parol, that the judgment was not to be enforced. But, as we have said, rules absolute do not operate as an estoppel. They may be looked to by the Court in its discretion, and re-examined. In truth, they depend for their validity on the fact that they are the punishishment of the Court for its officer, for contempt, and it is only collaterally that they are for the benefit of the party. The Court, if the sheriff be not in fact in contempt, will re-

lieve him from its order. In this case the parties have, by agreement, without consulting the Court, taken its extraordinary process out of its hands. This cannot be done so as to deprive the Court of the right to open the case and look into the facts. In other words, there is no estoppel, no reason why the truth should not be known and acted on.

2. As we suppose, it was only because of this supposed estoppel, *res adjudicata,* that the demurrer was sustained, we reverse the judgment. If the statement of the sheriff be true, it would be a great wrong to make him pay this money.

Judgment reversed.