JAMES M. SMITH, Governor, for use, plaintiff in error, *vs.* GEORGE W. MARTIN *et al.*, defendants in error.

A plaintiff in execution is entitled to control the judgment and *fi. fa.*;. they are his property, and if he directed the sheriff to make a levy and he did so, and then took the execution out of the sheriff's hands, and kept it until after the day of sale, the sheriff is not bound to sell; and the sheriff and his securities are not liable on the bond of the sheriff for the failure to sell, though the sheriff suspended all further proceedings, and delivered the property to defendant before the arrival of the day of sale.

Levy and sale. Sheriff. Executions. Before Judge JAMES JOHNSON. Muscogee Superior Court. May Term, 1875.

Reported in the opinion.

H. L. BENNING; E. H. WORRILL, for plaintiff in error.

PEABODY & BRANNON, for defendants.

JACKSON, Judge.

Leonard directed the sheriff of Muscogee county to levy a *fi. fa.* of his on seven bales of cotton, in 1866, as the property of defendant in *fi. fa.* It was done. Leonard then took possession of the *fi. fa.*, and kept it until long after the day of sale had passed. The defendant filed an affidavit under the act of 1866, and the sheriff proceeded no further, but turned

over the cotton to defendant. The plaintiff, Leonard, sued the sheriff and his securities on the sheriff's bond. The court charged that if the execution was taken out of the sheriff's hands by the plaintiff and retained until the day of sale had passed, then the plaintiff could not recover, though the sheriff proceeded no further with it, but turned over the cotton to defendant on his filing affidavit under the relief act of 1866, and error is assigned on this charge. We think that the court committed no error. The authority to the sheriff not only to levy but to sell, *is the* execution; the plaintiff can order it to proceed or to be suspended after levy; and if he take it out of the sheriff's hands and retain it until after the day of sale, the sheriff has no authority to sell; he cannot sell, and it is the fault of the plaintiff.

Judgment affirmed.