Wakefield *vs.* Moore, sheriff, *et al.*

## WAKEFIELD *vs.* MOORE, sheriff, *et al.*

1. Sheriffs are liable to plaintiffs in *fi. fa.* for any injury sustained by reason of a failure to discharge their duty in reference to the proper execution and return of final process, when placed in their hands. Plaintiffs in *fi. fa.* have a remedy by action on the case or by rule, the measure of liability in either case being the actual injury sustained.

(a). While, in the present instance, we would not have opened the case and set aside the rule absolute on account of the discovery by the sheriff that the property levied on did not belong to defendant in *fi. fa.*, because, by proper diligence, this might have been discovered before rule absolute, yet we will not disturb the judgment of the court below in exercising its clear legal right so to do.

2. A rule absolute against a sheriff is not final and conclusive like a judgment between parties litigant. It is the dealing of the court with its defaulting officer, for whose neglect of duty he is required to pay over to the plaintiff in *fi. fa.* the amount of his actual injury. The court may renew and annul its order absolute against a sheriff at the same or at a subsequent term, upon motion, when it is made to appear that he was not in contempt.

Sheriff. Damages. Judgment. Practice in the Superior Court. Before Judge POTTLE. Hancock Superior Court. October Term, 1879.

Reported in the decision.

J. T. JORDAN, by brief, for plaintiff in error.

SEABORN REESE, by brief, for defendants.

CRAWFORD, Justice.

A rule absolute having been granted by the judge below against the sheriff for his failure to make the money upon a *fi. fa.* which had been placed in his hands, he, before the day on which the money was ordered to be paid, filed his motion to set aside and rescind the order absolute upon the ground, among others, that the property levied upon was not the property of the defendant in execution, and that the knowledge of that fact had not come to him until after the decision of the court was made on the rule. When this motion came on to be heard the plaintiff in *fi. fa.* demurred thereto; the court overruled the demurrer; the grounds set up in the motion were then, by consent, accepted as the answer of the sheriff to the original rule, and the traverse thereof was sent to the jury who found the issue in favor of the sheriff. Exceptions were filed *pendente lite* to the ruling of the court on the demurrer made to the motion to annul and rescind the order absolute, and that is the single question made in the record.

1. Sheriffs are liable to plaintiffs in *fi. fa.* for any injury which they may have sustained by reason of their failure to discharge their duty in reference to the proper execution and return of final process when placed in their hands. This liability may be fixed by an action on the case, or by a rule against them for contempt of the court, and in either remedy the measure of the liability is *the actual injury* which the plaintiff has sustained.

We concur fully with the judge below in making the order absolute against the sheriff under the testimony submitted; but we would not have opened the case to annul and rescind the rule, by hearing a new defense which by proper diligence he might have known and availed himself of before the decision had been rendered; this however being a right clearly vested in the judge of the superior court by law, we will not disturb his judgment thereon.

2. Such judgments are not final and conclusive as are those rendered between parties litigant; they are but the dealings of the court with one of its defaulting officers, and for whose neglect of duty, is ordered to pay over to the plaintiff in *fi. fa.* the amount of his actual injury. This being the character of the proceeding, the court may review and annul its order absolute against a sheriff at the same or at a subsequent term upon motion, when it is made to appear that he was not in contempt. This principle was ruled as early as the 2nd Georgia Reports, and may be found in the case of *Chipman vs. Barrow*, page 220. It was reaffirmed in the case of *Davis vs. Dempsey*, 15 *Ga.*, 182, where it was held that there was no question but that the court had power to grant the motion. And so too in 50 *Ga.*, 335, it was held that orders absolute do not operate as estoppels, but the court upon a proper case made will go behind the order and look into the truth of the case and in its discretion re-examine the same.

It was contended by the plaintiff in error that these cases were opened upon the ground of fraud; it is true

that in the two last, to have made the sheriff liable would have been a fraud upon him, say the court, but the principle was ruled broadly and independently of the fraud, following the case of *Chipman vs. Barrow*, where there was no question of fraud made.

These questions of contempt in failing to execute the process of the court, must rest in the sound discretion of the judge, and unless exercised arbitrarily or illegally, should not be disturbed.

Judgment affirmed.