## JONES et al. v. KENDRICK.

1. One who gives to a constable by whom personal property has been
   duly seized under an execution against a third person, a bond for
   the production of such property at the time and place of sale, and
   in consequence of so doing is intrusted by the constable with the
   possession of the property, cannot, when sued upon the bond for
   a breach of its condition, set up title in himself to the property
   and thereby defeat the action. He and his sureties are estopped
   from contesting the constable's title.
2. A recital in the bond that the principal obligor claimed the prop-
   erty would indicate that he intended to interpose a statutory claim
   with a view to making an issue with the plaintiff in execution as
   to the title, but no such claim having been in fact interposed, the

bond is to be treated as a voluntary bond executed and delivered by a bailee to his bailor.        *Judgment affirmed.*

July 23, 1894.

Action on forthcoming bond. Before Judge RONEY. Taliaferro superior court. August term, 1893.

Kendrick, a constable, levied on a bale of cotton as the property of Amos Perkins, under an execution in favor of Richards. Thereupon Jones as principal, and Duckworth as security, gave to Kendrick a bond conditioned for the production of the property at the time and place of sale, provided it should be found subject to the execution. The bond recited that the cotton was claimed by Jones. Defendants admitted at the trial that there had been a breach of the bond, but contended that they could defend the suit as freely as if a claim had been regularly filed; and introdued testimony that Amos Perkins never had any interest in the cotton, which was raised by Rainey Perkins on land rented from Jones and delivered to him in part payment of rent. But the court held the defendants estopped from so setting up title to the cotton.

HORACE M. HOLDEN, for plaintiffs in error.
JOHN W. HIXON, contra.