## MULLIS *v.* KENNEDY.

Where a mortgage on personal property was foreclosed in a justice's court, but the justice erroneously made the execution which he issued returnable to the city court located in that county; and where such execution was levied by a constable, and, without the interposition of an affidavit of illegality, the defendant tendered to the constable a forthcoming bond, conditioned to deliver the property on the day of sale, which was specified, but the bond was improperly made payable to the sheriff of the city court, and thereupon the defendant received from the constable possession of the property, in a suit for a breach of such bond it was error to dismiss the action on the ground that the process was invalid and the bond was accordingly also invalid.

JUNE 30, 1915.

Action upon bond. Before Judge Larsen. Laurens superior court. July 30, 1914.

T. G. Mullis filed his petition against A. F. Kennedy, alleging in substance as follows: On January 31, 1912, the plaintiff foreclosed, in a justice's court in Laurens county, a mortgage given by L. C. Joiner on a mule. In issuing the execution the justice made it returnable to the city court of Dublin. The levy was made on February 3, 1912. Two days later Joiner executed a forthcoming bond payable to the sheriff of the city court of Dublin, the condition being that he would produce the property at the time and place of sale on the 4th day of March. The bond was signed by L. C. Joiner as principal, and by B. C. Joiner, R. M. Benford, and A. F. Kennedy as sureties, and bound the principal and sureties jointly and severally. It was accepted and approved by the levying officer, and attested by him. The property was delivered to the principal, and the execution and bond were returned by the constable to the sheriff of the city court of Dublin. On March 9, 1912, the mortgagor and principal in the bond paid to the sheriff of the city court the sum of $35, which the sheriff paid to the plaintiff in execution. The property was never advertised by the sheriff for sale. Soon after the levy, the constable who made it demanded that the property be returned to him, which the principal in the bond refused to do. Shortly after the property had been delivered by the levying officer to the principal in the bond, the latter sold it and delivered it to a third person. The refusal to return it on demand to the bailiff and the delivery of it to another person constituted a breach of the bond. The balance due upon the execution amounted to $102.24, and the mortgaged property was worth more than that amount. While the bond may not have been good as a statutory bond, the principal in the bond having obtained possession of the property under it, the plaintiff having been placed at a disadvantage, and all parties having treated it as valid, it should be binding as a common-law obligation.

The defendant demurred to the petition, on the grounds, among others, that it appeared on the face of the pleading that the proceeding to foreclose the mortgage was void, because the execution issued by the justice of the peace was made returnable to the city court of Dublin, without authority of law; and that the bond given for the forthcoming of the property described in the mortgage was also void. The presiding judge sustained the demurrer, and the plaintiff excepted.

*Davis & New,* for plaintiff. *J. S. Adams,* for defendant.

LUMPKIN, J. (After stating the foregoing facts.) Forthcoming bonds are ordinarily given in connection with a claim case or an affidavit of illegality, where the possession of the property is desired pending the litigation. In the present instance no claim or illegality was interposed, but, after the levy of an execution based on the foreclosure of a chattel mortgage, the defendant desired to retain possession of the property. Accordingly, he tendered ·to the levying officer a bond executed by himself as principal, and by certain sureties, and reciting that they were bound jointly and severally. The condition was that the property levied on should be produced at the time and place of sale on the fourth day of March, 1912. The property was thereupon delivered by the levying officer into the possession of the principal, who subsequently sold it and delivered possession to a third person.

By section 6041 of the Civil Code (1910) it is declared that "All bonds taken by the sheriffs or other executing officers, from the defendants in execution, for the delivery of the property (on the day of sale or any other time) which they may have levied on by virtue of any fi. fa., or other legal process from any court, shall be good and valid in law, and recoverable in any court in this State having jurisdiction thereof." This section seems to be peculiarly applicable to a case like the present, in which a levying officer leaves the property in the custody of the defendant, without the interposi‑ tion of a claim or an affidavit of illegality, and takes a bond for its production. Section 13 of the Civil Code (1910) declares that "All bonds taken by public officers, under the laws of this State, shall be returned to the offices specified by law; and any person interested therein may bring suit thereon, in his own name, in any court having jurisdiction thereof." Where a claim is interposed, and a forthcoming bond given, reciting the fact of the levy, and possession of the property thereby obtained, this estops the claimant and the surety on the bond from denying the completeness and sufficiency of the seizure of the property made by the levying officer; but the estoppel does not extend to the validity of the process, or the authority of the officer to make the levy, so as to prevent the claimant, on the trial of the claim case, from attacking them. So, where an affidavit of illegality is interposed, it may attack the validity of the proceeding or the authority of the officer, although a forthcoming bond may be given. But, in a suit upon

a forthcoming bond given in a case like this, where its execution is not denied, the only issue is whether or not there has been a breach of such bond. Neither the legality of the levy nor the authority of the officer to make it is an issuable fact. *Oliver* v. *Warren,* 124 *Ga.* 549, 551 (53 S. E. 100, 4 L. R. A. (N. S.) 1020, 110 Am. St. R. 188), and authorities cited. The suggestion to the contrary in *Strange* v. *Franklin,* 126 *Ga.* 715 (55 S. E. 943), was an obiter dictum. In that case an execution issued upon a void judgment was levied, and a forthcoming bond given. A suit was brought against the surety on the bond, and a judgment rendered in favor of the plaintiff, which was also void, because rendered by a court which had no legal existence. The defendant in this latter judgment voluntarily paid it, but subsequently brought an action against the plaintiff for money had and received. It was held that he could not recover. A suggestion as to what might have been set up in a suit on the replevy bond was not necessary to the decision.

While the bond given in the case before us was not a good statutory bond, being made payable to the sheriff of the city court of Dublin, it was good as a common-law bond, and having served the purpose of obtaining the delivery of possession of the property by the levying officer to the principal, a recovery could be had for the breach of it, whether the process under which the levy was made was valid or not. The presiding judge held the process under which the levy was made to have been void. From what has been said it will be seen that this was erroneous.

*Judgment reversed. All the Justices concur.*