HAND *v.* BROWN, sheriff.

1. A plaintiff in fi. fa., who consents to the sheriff's releasing the property levied on to the defendant upon his giving a forthcoming bond, can not hold the sheriff liable for following his direction in this respect.

2. Though the plaintiff in fi. fa. may not have authorized the sheriff to take the forthcoming bond from the defendant, yet if, after the obligors of that bond failed to produce the property on the day of sale, and with a knowledge of all the facts, the plaintiff in fi. fa. brought suit on the bond, he will be held to have ratified the sheriff's release of the property by virtue of the bond.

3. The remedy of suit on the bond by the plaintiff in fi. fa. is inconsistent with the summary remedy of rule against the sheriff for releasing the property. Having elected the former remedy, which proved fruitless because of the insolvency of the principal and his surety, he can not thereafter pursue the latter remedy.

4. An erroneous instruction that the diligence and good faith of the sheriff with respect to the taking of the bond and suit thereon would acquit him of liability was harmless error, because the undisputed facts of the case demanded the verdict.

NOVEMBER 12, 1915.

Money rule. Before Judge Brand. Fayette superior court. December 5, 1914.

*Cleveland & Goodrich,* for plaintiff.

*J. W. Culpepper* and *J. W. Wise,* for defendant.

EVANS, P. J. Four executions in favor of Lee Hand against Charles Hatton were placed with F. B. Brown, sheriff of Fayette county, for collection. The executions were levied by the sheriff on certain personalty as belonging to the defendant. On the day after the levy one Kirkland, who had a mortgage on the personalty, given by Hatton subsequently to the rendition of Hand's judgments, foreclosed his mortgage. The sheriff accepted a forthcoming bond from Hatton, with Kirkland as security, and released the property. The property was not produced on sale day, and a suit in the name of the sheriff, for the use of Hand, was brought on the bond, which eventuated in a judgment against

Hatton and Kirkland. Nothing was collected on this judgment, on account of the bankruptcy of Kirkland and Hatton. Hand, the plaintiff in fi. fa., thereupon brought a rule against the sheriff to require him to show cause why he had not made the money on the fi. fas. which had been placed with him for collection. The sheriff answered, that W. M. Keith, the authorized agent of Lee Hand, consented. to and directed him to accept the forthcoming bond, and that afterwards a suit was brought on the bond at the instance of the plaintiff, who was unable to collect the judgment recovered in that suit, on acount of the insolvency of the defendants; and that the release of the property under the bond was with the full knowledge and approval of the. plaintiff, acting through his duly constituted agent, Keith. The answer of the sheriff was traversed, and the issue made thereby was submitted to a jury, who returned a verdict in favor of the sheriff. Whereupon the plaintiff moved for a new trial, which was refused.

1. The statute declares that a bond taken by a sheriff for the delivery, on the day of sale, of property which may have been levied on by virtue of any fi. fa., shall be valid in law, and recoverable in any court of this State having jurisdiction thereof. But no such bond shall prejudice the rights of the plaintiff in execution, but shall relate to and have effect only between the officer to whom it is given and the defendant in execution; and such officer shall in no case excuse himself for not having made the money on such execution by having taken such bond, but shall be liable to be ruled as now provided by law. Civil Code (1910), §§ 6041, 6042. If nothing more appeared in this case than that the sheriff released the property to the defendant by virtue of a forthcoming bond, which was not ancillary to any legal proceeding, and not one which the sheriff was required by law to take, his failure to collect that bond would not relieve him from liability to the plaintiff. But the sheriff contends that the plaintiff consented for him to release the property to the defendant upon the latter executing a forthcoming bond. The plaintiff in execution is entitled to control the judgment and fi. fa. They are his property; and if he directed the sheriff to release the property to the defendant upon his giving a forthcoming bond, he can not thereafter hold him liable for the release of the property to the defendant under the forthcoming bond. *Smith* v. *Martin,* 54 *Ga.* 600;

18

*Groover* v. *White,* 54 *Ga.* 601; *Holcombe* v. *Dupree,* 50 *Ga.* 335; 35 Cyc. 615.

2, 3. In the present case the plaintiff insists that the agent intrusted by him to deliver the fi. fa. had no authority beyond giving the process to the sheriff and pointing out the property. There was an issue of fact upon this point; but it was undisputed that after the obligors in the bond failed to produce the property on the day of sale, the plaintiff instructed his agent to employ an attorney to bring suit on the bond in the name of the sheriff for his use. While that suit was pending the security on the forthcoming bond filed a petition to enjoin its prosecution, and the plaintiff in fi. fa. was a defendant in that suit, and employed counsel and participated in that litigation. After several years of litigation a judgment was rendered upon the forthcoming bond, which proved fruitless on account of the bankruptcy of the defendants. Failing to collect the money out of the bond the plaintiff now undertakes to hold the sheriff liable for the release of the property under the forthcoming bond. When the property was not forthcoming on the day of sale, the plaintiff in fi. fa. had two remedies. He could have proceeded directly against the sheriff by an action on the case or by rule; or he could, if the bond had been taken without authority, ratify the action of the sheriff and sue upon the bond, either in his own name or in the name of the sheriff for his use. *Wakefield* v. *Moore,* 65 *Ga.* 268. The theory upon which he was entitled to proceed against the sheriff is that he did not authorize or ratify the release of the property by the sheriff to the defendant on a forthcoming bond. The basis of a suit by him against the principal and surety on the forthcoming bond is that the bond was taken under his direction by the sheriff. The two remedies are inconsistent; and the rule is that where the law supplies to a party two or more methods of redress in a given case, based upon inconsistent theories, however those methods may differ either in the form or forum of procedure or in the personality of the parties to the several proceedings, a party is put to his election, and his choice of either is a bar to the other. *Bacon* v. *Moody,* 117 *Ga.* 207 (43 S. E. 482). Having elected to bring a suit upon the forthcoming bond, which carried the necessary implication that the property had been released by the sheriff, either by previous authority or by ratifi-

cation with a knowledge of all the facts, he is not now entitled to the summary remedy of a rule against the sheriff, predicated upon an inconsistent theory. Mercantile Realty Company *v.* Stetson, 120 Iowa, 324 (94 N. W. 859).

4. The jury were instructed that if the sheriff, in the collection of the fi. fas., the taking of the bond, suing on the same, and otherwise acting, acted with diligence in the discharge of his duty to the plaintiff, and performed those duties in good faith, he would not be liable. The diligence and good faith of the sheriff in taking the bond and suing on the same would not alone acquit the sheriff of liability; but as the facts are undisputed, and demanded a finding in favor of the sheriff under the foregoing discussion, the instruction was harmless error, and will not require a reversal of the judgment.

*Judgment affirmed. All the Justices concur, except Beck, J., absent.*