9334.   RICE *et al. v.* LOWRY, sheriff, for use, etc.

1. Where property levied upon and seized by a sheriff is released on a forthcoming bond, but no claim to the property is filed, the execution of the bond will be considered as voluntary, and the bond is a valid obligation.

2. Where a claimant, under a forthcoming bond, secures possession of the property levied upon by the sheriff, but files no claim, and thereafter disposes of a portion of the property prior to the time of the sale, he has breached the bond, although there has been no adjudication that the property is subject to the execution; and the sheriff, for the use of the plaintiff in fi. fa., may maintain a suit upon the bond.

DECIDED MARCH 13, 1918.

Action upon bond; from Fulton superior court—Judge Bell. October 29, 1917.

*Mayson & Johnson,* for plaintiffs in error.

*W. S. Dillon, W. J. Davis Jr.,* contra.

BROYLES, P. J.   J. I. Lowry, sheriff, for the use of the plaintiff in fi. fa., brought suit upon a forthcoming bond signed by W. W. Rice Jr. as principal, and E. B. Stuart as surety. The petition was in two counts; the first count being based on the ground that a portion of the property described had been disposed of prior to the time when it was advertised for sale; and the second count, on the ground that the property was not produced or delivered at the time and place of sale. It was alleged in each count that the bond had thereby been breached. It was recited in the forthcoming bond that the principal thereof had interposed his claim to the property. No claim, however, was ever filed. The condition in the bond was for the production of the property to the levy-

ing officer at the time and place of sale, *provided the property should be found subject to the execution.* The petition set forth in detail the portion of the property that was disposed of prior to the time of the sale. The defendants demurred to the petition, and set up substantially two points: (1) That the petition showed that no claim to the property had ever been made, and hence the forthcoming bond was not binding on the defendants but was null and void. (2) That no breach of the bond was shown, since there was no adjudication that the property was subject to the execution. The court overruled the demurrer, and the defendants excepted.

The first point raised by the demurrer has been settled adversely to the defendants' contention, in *Jones* v. *Kendrick,* 94 *Ga.* 645, (21 S. E. 831), and in *McFarland* v. *Lee,* 10 *Ga. App.* 698 (73 S. E. 1091).

The second question raised by the demurrer is not so easily disposed of. If we could decide it as a matter of first impression, we would be inclined to hold that the terms of the condition of the bond must be followed; and that the bond was not breached by the disposal of the property prior to the time of the sale, unless the property had been found subject to the execution. It seems, however, that the Supreme Court has definitely decided this question to the contrary. In *Reynolds Banking Co.* v. *Southern Pacific Guano Co.,* 140 *Ga.* 498 (79 S. E. 132), and cases there cited, the ruling seems to be substantially made that where a claimant gets possession of the property levied upon under a forthcoming bond, and disposes of the property prior to the time of the sale, the bond is automatically breached, notwithstanding no adjudication that the property is subject to the execution has been made. This ruling seems to be based upon the ground that the claimant by his conduct has rendered it impossible for him to produce the property at the time and place of sale if the property should be found subject to the execution. In this case, if the defendants desired to raise the question as to whether the property was subject to the execution which had been levied upon it, they should have interposed a claim and had it settled on the trial of the claim case. The failure of the claimant to file a claim was a waiver on his part, both for himself and his surety, of such trial. Certainly the defendants should have kept the property under their control until

such a claim had been filed. As said by Chief Justice Bleckley, in *Anderson* v. *Banks,* 92 *Ga.* 121 (18 S. E. 364): "It is not allowable for a claimant to defeat a sale by interposing a claim and then appropriate the property to his own use or suffer it to be appropriated by his surety on the claim bond, and then contest, not in the claim case—the very case appointed by law for the purpose—but in a suit on the bond, the right of the plaintiff in execution to sell the property. To allow this would be to overlook and disregard the object of the claim laws, that object being to facilitate the trial of the rights of property seized under execution, by a sort of intervention on the part of strangers to the execution, instead of leaving them to assert their rights in some separate and independent action. If claims are used merely to get or retain possession of property and not for the trial of rights to it, they cease to be substitutes for other actions and only give ground or occasion for some other action, which is the very thing the claim laws are designed to prevent. It would be a perversion of these laws not to hold the claimant and his surety estopped by dismissing the claim, the present action being a breach of a bond to produce the property, and the question of breach not in any way involving the title but only the forthcoming of the property at the time and place of sale. Inability to produce it when clearly established is regarded by our law as equivalent to a failure to produce it." In that case the claimant had secured possession of the property under a forthcoming bond and had filed a claim to the property. The claim was afterward withdrawn by the claimant, and no new claim was filed. The property had been disposed of by the claimant prior to the time of the sale; and it was held that this conduct, under the facts of the case, constituted a breach of the bond. It will be seen that in that case, as in the instant one, there had been no adjudication that the property was subject to the execution.

Under the above rulings the court did not err in overruling the demurrer to the petition.

*Judgment affirmed. Bloodworth and Harwell, JJ., concur.*

HARWELL, J. I concur in the decision upon principle, as well as upon the authority of the case of *Reynolds Banking Co.* v. *Southern Pacific Guano Co.,* (supra).