16409.   GARMANY, sheriff, for use, etc., *v.* LOACH *et al.*

1. Where personal property was levied upon under a mortgage fi. fa., and the defendant, without filing any affidavit of illegality, tendered to the sheriff a forthcoming bond, payable to the levying officer, thereby retain-

ing the property, and thereafter disposed of the property, and where subsequently the sureties induced the sheriff to substitute another forthcoming bond, with new sureties, as in satisfaction of the prior bond, and later an action on the original bond was brought in the name of the sheriff for the use of the plaintiff, liability of the defendant in that action depended on whether the substitution bond was taken with the consent and approval of the plaintiff in fi. fa. If it was, the parties to the prior bond would not be liable either to the sheriff or to the plaintiff in fi. fa.; but if it was not, while the liability of the parties on the prior bond to the sheriff himself might thereby be absolved, this would not affect their liability to the plaintiff in fi. fa.

2. Where in such an action there is a conflict in the evidence as to whether the plaintiff in fi. fa. consented to such substitution, it was error for the court to direct a verdict in favor of such sureties.

DECIDED DECEMBER 22, 1925.

Action upon bond; from Walker superior court—Judge Wright. February 20, 1925.

G. E. Hunter foreclosed a chattel mortgage against W. L. Wiley, and the fi. fa. was levied upon property described in the mortgage. The defendant, without filing an affidavit of illegality, gave a bond, payable to the sheriff, for the forthcoming of the property at the time and place of sale, with defendants in error as sureties. It was contended by the defendants below that the sheriff made no effort to advertise and sell the property, and that defendants, desiring to close the matter out, went to the sheriff in an effort to be relieved from liability on the bond, offering another bond, with good security, in lieu thereof; that the sheriff at first refused their proffer, but later did accept such other bond and agreed to release the sureties on the former bond. Thereafter the property was advertised for sale, and, it not being forthcoming, suit on the original bond was brought in the name of the sheriff, for the use of the plaintiff. The defendants filed a plea in which they set up that they were not liable to the plaintiff upon the bond, for the reason that the sheriff, by the consent of the plaintiff in fi. fa., had released them from all liability on the bond, and had taken from the defendant in fi. fa. another bond, with other sureties, in lieu of the original bond. On the trial the court directed a verdict for the defendants. The plaintiff excepted. In the trial the sheriff testified that the plaintiff in fi. fa. gave him authority to release the sureties on the bond sued upon, but this evidence was contradicted by the plaintiff in fi. fa.

*David F. Pope, M. B. Eubanks,* for plaintiff.

*Rosser & Shaw,* for defendants.

JENKINS, P. J. (After stating the foregoing facts.) The controlling question in this case is this: Did the plaintiff in fi. fa. have such interest in the original forthcoming bond sued upon as to prevent the sheriff from releasing the sureties from liability thereon without his consent? If the plaintiff in fi. fa. had no interest in the bond, it was not a matter of concern to him that the sheriff released the sureties by taking another bond; and the plaintiff in fi. fa. could not complain. The rule would be different if he did have an interest in the bond. It is readily apparent that the bond sued on did not meet the requirements as to replevy bonds, contemplated by section 3301 of the Civil Code (1910), relating to the filing of affidavits of illegality to chattel-mortgage foreclosures. That section provides that the bond shall be "conditioned for the return of the property when called for by the levying officer, which bond shall be made payable to the plaintiff (who may sue thereon for condition broken)." In the instant case the bond was made payable to the levying officer and was conditioned to deliver the property at the time and place of sale. No affidavit of illegality was ever filed or attempted to be filed; and yet, under the authorities, the bond taken is a good and valid obligation as a common-law bond. Such seems to be the meaning of section 6041 of the Civil Code (1910), which provides as follows: "All bonds taken by the sheriffs or other executing officers, from the defendants in execution, for the delivery of property (on the day of sale or any other time) which they may have levied on by virtue of any fi. fa., or other legal process from any court, shall be good and valid in law, and recoverable in any court in this State having jurisdiction thereof." Under this section, where the defendant in fi. fa. gives a forthcoming bond payable to the levying officer, conditioned as there stated, and retains the property levied on, it is a valid contract, whether he wishes to contest with the plaintiff his right and claim or not. Its effect is to substitute the bond for the property in the hands of the levying officer. Instead of the levying officer keeping the property pending advertisement, etc., he keeps the substitute for the property, to wit: the defendant's bond. It would not seem that it could be said that the plaintiff has no interest in such a bond, when it it is considered that it is taken as a substitute for property in which he certainly did have an interest. The difficulty arises from section 6042 of the Civil Code (1910), which

provides as follows: "No bond taken in conformity with the previous section shall in any case prejudice or affect the rights of plaintiffs in execution, but shall relate to and have effect alone between the officer to whom it is given and the defendant in execution; and such officer shall in no case excuse himself for not having made the money on an execution by having taken such bond, but shall be liable to be ruled as now prescribed by law."

Able counsel for defendants contend that "the bond in question in this case relating to and having effect alone between the sheriff and the principal and sureties of the bond, the sheriff had the right and authority to retake possession of the property at any time prior to the date of sale, thus relieving the sureties on the bond from any further liability. This being true, it necessarily follows that the sheriff also had authority to accept a second forthcoming bond in lieu of the first forthcoming bond, thus relieving the sureties on the first forthcoming bond from further liability, his act in this respect amounting to a retaking of the possession of the property, and again surrendering same upon the execution of the second forthcoming bond." They cite *Mahaffey* v. *Gray*, 85 *Ga.* 460 (11 S. E. 774), where the facts involved were somewhat different, but where the following language was used: "The bonds were given to the constable, Mahaffey, for his protection. He had, therefore, the right to relieve W. T. Nash and allow J. B. Nash to be substituted in his place, and the effect of the agreement made by Mahaffey with J. B. Nash was to substitute J. B. Nash in the place of W. T. Nash, J. B. Nash assuming the latter's obligations and liabilities." They call attention to the distinction recognized in *Boyd* v. *Crews*, 32 *Ga. App.* 138 (5) (122 S. E. 802), between forthcoming bonds given in claim cases as specifically authorized by law and bonds of the character referred to by section 6041 of the Civil Code. This argument of counsel is indeed forceful, and it is only after a full consideration of the true purpose and effect of section 6042, as dealt with in other decisions of the Supreme Court, that we have reached a contrary conclusion.

To our minds, all of the contentions of the defendants are settled adversely to them by the recent decision of the Supreme Court in the case of *Mullis* v. *Kennedy*, 143 *Ga.* 618 (85 S. E. 845). The bond in that case was similar to the anomalous bond we have here; it was given in the same sort of proceeding; and what the court

there decided appears to decide·the case at bar. It was there held: "Where a mortgage on personal property was foreclosed in a justice's court, but the justice erroneously made the execution which he issued returnable to the city court located in that county; and where such execution was levied by a constable, and, without the interposition of an affidavit of illegality, the defendant tendered to the constable a forthcoming bond, conditioned to deliver the property on ˙the day of sale, which was specified, but the bond was improperly made payable to the sheriff of the city court, and thereupon the defendant received from the constable possession of the property, in a suit for the breach of such bond it was error to dismiss the action on the ground that the process was invalid and the bond was accordingly also invalid." It will be seen that the defendant in fi. fa. in that case was in the same situation as the defendant in fi. fa. in the case at bar; that he failed, as did the defendant in fi. fa. here, to interpose an affidavit of illegality; yet the court upheld the petition in that case, brought in the name and interest of the plaintiff in fi. fa. himself. The levying officer was not even a party to that case. Justice Lumpkin, in the opinion, said: "Forthcoming bonds are ordinarily given in connection with a claim case or an affidavit of illegality, where the possession of the property is desired pending the litigation. In ·the present instance no claim or illegality was interposed, but, after the levy of an execution based on the foreclosure of a chattel mortgage, the defendant desired to retain possession of the property. Accordingly, he tendered to the levying officer a bond executed by himself as principal, and by certain sureties, and reciting that they were bound jointly and severally. The condition was that the property levied on should be produced at the time and place of sale. . . The property was thereupon delivered by the levying officer into the possession of the principal, who subsequently sold it and de-·livered possession to a third person." The decision then quotes the language of the Civil Code (1910), § 6041, and says: "This section seems to be peculiarly applicable to a case like the present, in which the levying officer leaves the property in the custody of the defendant, without the interposition of a claim or an affidavit of illegality, and takes a bond for its production." The opinion then quotes and applies section 13 of the Civil Code (1910), as follows: "All bonds taken by public officers, under the laws of

this State, shall be returned to the offices specified by law; and any person interested therein may bring suit thereon, in his own name, in any court having jurisdiction thereof." The opinion closes with this language: "While the bond given in the case before us was not a good statutory bond, being made payable to the sheriff of the city court of Dublin, it was good as a common-law bond, and having served the purpose of obtaining the delivery of possession of the property by the levying officer to the principal, a recovery could be had for a breach of it, whether the process under which the levy was made was valid or not." The effect of that decision is that in the case of a forthcoming bond like that in the instant case and given in the same character of proceeding as here, and under the same facts and circumstances, the plaintiff has an interest in the bond and could prosecute an action thereon, under the provisions of section 13 of the Civil Code, even in his own name alone.

There are many other decisions strongly argumentative along the line of the decision last cited above. For instance, there is the case of *Hand* v. *Brown,* 144 *Ga.* 272, 273 (86 S. E. 1080). In the opinion, after paraphrasing sections 6041 and 6042 of the Civil Code, Justice Evans says: "If nothing more appeared in this case than that the sheriff released the property to the defendant by virtue of a forthcoming bond, which was not ancillary to any legal proceeding, and not one which the sheriff was required by law to take, his failure to collect that bond would not relieve him from liability to the plaintiff. But the sheriff contends that the plaintiff consented for him to release the property to the defendant upon the latter executing a forthcoming bond. The plaintiff in execution is entitled to control the judgment and fi. fa. They are his property, and if he directed the sheriff to release the property to the defendant upon his giving a forthcoming bond, he can not thereafter hold him liable for the release of the property to the defendant under the forthcoming bond;" citing *Smith* v. *Martin,* 54 *Ga.* 600; *Groover* v. *White,* 54 *Ga.* 601; *Holcombe* v. *Dupree,* 50 *Ga.* 336; 35 Cyc. 615. Proceeding, this opinion says: "When the property was not forthcoming on the day of sale, the plaintiff in fi. fa. *had two remedies.* (Italics ours.) He could have proceeded directly against the sheriff by an action on the case or by rule; or he could, if the bond had been taken without authority, ratify the action of the sheriff and sue upon the bond, either in his

own name or in the name of the sheriff for his use. *Wakefield* v. *Moore*, 65 *Ga.* 268. The theory upon which he was entitled to proceed against the sheriff is that he did not authorize the release of the property by the sheriff to the defendant on a forthcoming bond. The basis of a suit by him against the principal and surety on the forthcoming bond is that the bond was taken under his direction by the sheriff." Applying the ruling in *Hand* v. *Brown*, supra, to the instant case, it would naturally follow that if the plaintiff had such an interest in the original bond as would authorize him to maintain a suit thereon, it could not be discharged by the sheriff without his consent. In *Rowland* v. *Page*, 4 *Ga. App.* 269 (61 S. E. 148), again applying the Civil Code, § 6041, the court said: "Section 5436 [now 6041] prescribes the condition of a forthcoming bond authorized to be taken by the levying officer, and the officer has no right to vary the condition by any agreement with the defendant in execution. Any such agreement is void and without effect as to the right of the plaintiff in execution, and can not be set up as a defense to a suit on the bond, brought by the officer, for the use of plaintiff in execution." Then there is *Rice* v. *Lowry*, 22 *Ga. App.* 36 (95 S. E. 330), in which it was held: "Where property levied upon and seized by a sheriff is released upon a forthcoming bond, but no claim to the property is filed, the execution of the bond will be considered as voluntary, and the bond is a valid obligation." Thus it will be seen that there was an abortive effort in that case, inasmuch as no claim was filed; and yet the levying officer was allowed to maintain a suit on the bond, for the use of the plaintiff. The decision in *Bowman* v. *Kidd*, 13 *Ga. App.* 351 (1) (79 S. E. 167), holds: "Where the value of the property levied on under his fi. fa. does not exceed the amount of the judgment, the plaintiff in execution has such interest in a forthcoming bond as authorizes the suit upon the bond to be brought in his name." In *Arnold* v. *Rhodes*, 26 *Ga. App.* 86, 87 (3) (105 S. E. 453), it was held that the levying officer could not vary the terms of a forthcoming bond taken under section 6041 of the Civil Code; and such can not be set up as a defense to an action by the sheriff for the use of the plaintiff. In *Reese* v. *Worsham*, 110 *Ga.* 449 (35 S. E. 680, 78 Am. St. Rep. 109), the giving of a second forthcoming bond in another case, involving the same officer, did not relieve from the first. The court said: "The levying

officer may be liable in damages for his failure to take a regular forthcoming bond, but, as between the obligor and her surety and the plaintiff in execution, the bond actually executed was a good contract and enforceable as such. If, therefore, there has been a breach of the contract, the defendant in execution is liable to the plaintiffs in execution for whatever damages they have sustained by reason thereof."

As has already been indicated, the bond here sued on does not meet the requirements and was not taken under the circumstances and conditions set forth by section 3301 of the Civil Code, governing replevy bonds on mortgage foreclosures where a defense is made by affidavit of illegality. It, therefore, being anomalous in character, must be taken as a common-law obligation, under which the defendant in fi. fa. retained and disposed of the mortgaged property, and which was enforceable under the provisions of section 6042 of the Civil Code. As stated, the difficulty which arises in pursuing what the Supreme Court through Judge Evans speaks of as the plaintiff's second option or remedy, whereby he can "ratify the action of the sheriff and sue upon the bond," lies in the clause of Civil Code (1910), § 6042, to the effect that any bond taken in conformity with the preceding section "shall relate to and have effect alone between the officer to whom it is given and the defendant in execution." Does this mean that the plaintiff in fi. fa. has no interest in such a bond, even though the defendant in fi. fa., by virtue thereof, may have regained possession of the mortgaged property and subsequently made away with it? Does it mean, as here contended, that the sheriff may, at his pleasure, annul the bond without the consent of the plaintiff in fi. fa. even after the mortgaged property has been regained by defendant in fi. fa. and dissipated? If the bond whereby the defendant and his sureties regained possession of the mortgaged property and disposed of it is a good common-law obligation, as the decisions and code-section 6042 say it is, and if the bond stands in lieu of the mortgaged property in which the plaintiff in fi. fa. certainly had an interest, can it reasonably be said that the intention of that section was to provide that the plaintiff has no interest in such a bond? In order for such a construction to be adopted, it would seem that the language of the statute should absolutely and unmistakably compel such an intent. It has often been said that in construing the

meaning and effect of a statute, its purpose should be considered. The purpose of the statute is manifestly to protect the interest of the plaintiff in fi. fa. in a proceeding against the sheriff where the officer has parted with the levied property by virtue of an unauthorized bond. It was not written in the interest of the sheriff, the defendant in fi. fa., or his sureties on the bond. It does not deal with a proceeding other than against the sheriff. The purpose of the section seems to be to make it clear that in such a case, where a sheriff has parted with possession of the property under and by virtue of a bond other than such as the law prescribes,— other than such as legally protects the levying officer,—the plaintiff, in a proceeding against the sheriff, can still look to that officer to account for the levy, and the sheriff can not excuse himself by reason of having taken such a bond. It is after stating this proposition that the section seeks to negative the converse, beginning with the word "but." The taking of such an unauthorized and ineffective bond in no way affects the liability of the sheriff to the plaintiff, but does have effect between the officer and the signers of the bond. The sheriff can not complain that the defendant in fi. fa. has taken over and disposed of the property, the signers of the bond can not deny their liability thereunder; as between these, the duties and liabilities take effect and are fixed under the bond, but the plaintiff can hold the sheriff to his levy just as if no bond had been given, unless he elects to ratify his unauthorized act in taking it, in which event, as stated in *Hand* v. *Brown,* supra, he can "sue upon the bond, either in his own name or in the name of the sheriff for his use." It is only when the plaintiff refuses to ratify the taking of the bond and proceeds against the sheriff under the levy that he has no interest in the bond. In such a case it is true enough that in a contest with the levying officer he has nothing to do with the bond, and no claim thereunder upon the defendant and his sureties who signed it. It is with such a situation only that the code section deals or purports to deal. In such a case the officer may protect himself, in answering to the plaintiff, by realizing on the bond if he can. Where, however, as here, the proceeding is not directed against the sheriff, but the plaintiff elects to ratify his act in taking the bond and surrendering the property levied on, a situation arises with which the code section does not in any wise purport to deal; and in such a case the plaintiff is concerned,

and does have an interest in the bond which he thus elects to treat as a substitute for the surrendered property on which he held a lien. If, in seeking to give effect to the true and rational meaning of the statute, despite its difficult language, we have misinterpreted the intent of the statute and the rulings of the Supreme Court in the cases referred to, we are glad that court has authority to rectify the error. *Judgment reversed. Stephens and Bell, JJ., concur.*