*McCay, Judge.
Section 2810 of our Code is as follows: “A covenant never to sue is equivalent to a release; so, also, a bond to indemnify a debtor against his own debt.” It is noticeable that this section does not say that a covenant not to sue or to indemnify one against his own debt is a release, but that it is equivalent to a release. It is noticeable also, that the latter clause of the section says, against his own debt, and does not say against his liability on a debt on which he is liable, jointly with others. And this language is very significant, for it is precisely the language of the common law. The doctrine that a covenant not to sue or a bond to indemnify one against his own debt is equivalent to a release, is found in Bacon’s Abridgment, Release (a,) and is a familiar doctrine to every student of the old books. But the decisions are, so far as I can find, uniform that this doctrine does not, in any case, apply where the covenant refers to a debt on which the covenantee is not liable alone, but is liable jointly or severally with others. In Lucy vs. Knyaston, 2 Sackield, 575; 1 *475 Lord Raymond, 688, the Court, after laying down, in strong terms, that a covenant of A not to sue a debt he has against B, or to indemnify B against such debt is equivalent to a release, says: “Because then one should precisely recover the same damages that he suffered by the other bringing the suit. A is bound to B, and B covenants never to put the bond in suit against A; if, after, B will sue A on the bond, he may plead the covenant as a release. But if A and B be jointly and severally bound in a bond to C in a sum certain, and C covenants with A not to sue him, that shall not be a release, but a covenant only; because he covenants only not to sue A, but does not covenant not to sue B For the covenant is not a release in its nature, but only by construction to avoid circuity of action. For when he covenants not to sue one he still has a remedy, and then it shall be construed as a covenant, and no more.” This same point was decided in Dean vs. Newhall, 8 Tennessee Reports, 168, and in Hutton vs. Eyre, 8 Taunton, 280. *Chief Justice Marshall, in Garnett vs. Macon, 2 Brockenborough, 220, 225, very elaborately discusses this question, and lays down the same doctrine, and quotes with approval the words of Chief Justice Gibbs in 6 Taunton, to-wit: “We must look at the principle on which the rule has been applied, that a covenant not to sue shall operate as a release. Where there is only A on one side and B on the other, the intention of the covenant by A not to sue B must be taken to mean a release to B, who is accordingly absolutely discharged from the debt which A undertakes not to put in suit against him. The application of the principle in that case not only prevents circuity of action, but falls in with the clear intent of the parties. But in a case like the present, it is impossible to contend that by a covenant not to sue the defendant, (B,) it was the intention of the covenantors not to sue the plaintiff (the other partner) who was able to pay what his partner might be deficient in. It would have been easier and a shorter method to have given a release than to make this covenant. The only reason for adopting this course was that they did not choose to execute a release to the defendant, because that would also have operated as a release to the other partner, whereas they considered that a bare covenant not to sue the defendant would not extend to his partner; as, therefore, the terms of the covenant do not require sucn a construction, (that it is a release) and as it would manifestly be against the intent of the parties, we are decidedly of the opinion that it ought not to be permitted so to operate.” It is to be noticed that in this case the defendant was the person released, the other partner had paid the debt, and was suing him. The reply was that the covenant not to sue was a release of both, and that the payment by the other partner was' gratuitous. Judge Marshaee says:. “I can add nothing to the language of Chief Justice Gibbs,” but says in reference to the case before him, “that though it was a joint assumpsit and not a joint obligation, there is no difference in the principle as applied to the cases.”
*476 This same doctrine is laid down in Collyer on Partnership, thus: “Although a release to one partner is generally a *release to all, yet a covenant not to sue one of several partners will not operate as a release to the others, because the use of such an instrument evinces an intention on the part of the covenantor to avoid the legal effect of a release as to co-partners;” and he refers to 4 Greenleaf, 421; 7 John, 207; 4 Wendell, 607; 19 John, 120; 21 Wendell, 424; 18 Pick, 416; 17 Massachusetts, 628; 24 Maine, 506, and other cases. A covenant to indemnify against a suit is not so strong as a covenant not to sue. A covenant to indemnify is the most that can be made of this agreement, and it distinctly reserves the right tc go on the others. Thrasher, to whom the covenant is given, has no right to use this release as a means of preventing the plaintiff from doing the very thing he contracted to do, to-wit: to make the others pay it. Nor can the others use it, (the covenant,) because it is a covenant with Thrasher alone. They could not sue on it, because they are not parties to it. What shall be the effect on this covenant of a recovery here against all, is immaterial. If the covenant is ever claimed to .be broken, the fact of breach and the damages will be for the Court and the jury to say. It is sufficient now to determine that it is not a release to any of the parties, much less to all.
Judgment reversed.