MIMS S. WARE, executor, plaintiff in error, *vs.* WILLIAM H REESE, defendant in error.

1. A *quantum meruit* count for services rendered may be joined with a count founded on contract, and if the contract be not proved, there may be a recovery for the value of the services rendered.

2. On the point of the value of such services and the rendering of them, the evidence being conflicting, if there be evidence enough to sustain the verdict, and it be approved by the presiding judge, this court will not interfere.

Practice in the Superior Court.     Contracts.     Pleadings.
New trial.     Before Judge CLARK.     Macon Superior Court.
May Term, 1877.

Reese brought assumpsit against S. Ware for the alleged breach of a contract by which plaintiff was to sell certain land, and defendant was to pay him $500.00 for so doing. He afterwards added a count of *quantum meruit.* Defendant then demurred to the declaration; the demurrer was overruled. Defendant having died, his executor was made a party.

The evidence made, in brief, the following case:

Ware agreed to pay plaintiff $500.00 if he would effect a sale of certain lands at a specified price. Plaintiff went to considerable trouble and expense in advertising and exhibiting them. He succeeded in making one sale of them, and Ware recognized him throughout as an employed agent. Before consummation, however, the trade was broken by Ware. Afterwards, in the absence of plaintiff, a trade was made between one Taylor and Ware in regard to the lands. On his return, plaintiff went with Ware to Macon to consummate this agreement; but it was also broken. There was some evidence that plaintiff's services were worth $500.00. Both trades were broken off by Ware. Some money was expended in advertising, etc.

The jury found for plaintiff $450.00. Defendant made a motion for a new trial, which was overruled, and he excepted.

For the other facts of this case, see the opinion.

ALLEN FORT; W. S. WALLACE, for plaintiff in error.

W. A. HAWKINS; R. F. LYON; B. P. HOLLIS, for defendant.

· Jackson, Judge.

Two points are made in this record. First, can a *quantum meruit* count for services rendered be joined with a suit for the services rendered under a contract? and secondly, is the evidence sufficient to sustain the verdict?

1. We see no reason why a *quantum meruit* cannot be joined. It is joined because the plaintiff may fail to prove the contract, and this has always been the practice, so far as we know or have heard. If the contract be proved, of course the recovery must be upon that; if none be proved, then the party is entitled to recover the value of his services. In this case, the contract has not been proven, arising, probably, from the death of the employer, which prevented the agent from testifying; and therefore, if the agent has proven his employment and the value of his services, he may recover upon the *quantum meruit*.

2. He proves from the sayings of the testator that he was employed by him to sell the land, and by others, what it was reasonably worth to make the trades which he made, and that he did make one of them, and went with Ware to Macon to consummate the other, and that both were broken up by Ware. There was some conflict of evidence in respect to the conduct of Ware, and the reasons why the trades were broken off, but the jury passed upon it, and the presiding judge approved their finding, and we cannot interfere. We do not think that the agent was bound to object to the conduct of his principal when he broke off the trades. Silence became him, and he did not thereby forfeit what he reasonably deserved for the services he rendered. There is no proof that he contributed at all to the trades being broken up, or acquiesced therein, except that he said nothing. And the principal himself expected to pay him, or, at least, that he would claim payment for his services, and he, the principal, would be greatly the loser by what had transpired, for this he said after the trades were broken up.

On the whole, although there may be some slight errors of law, or doubt upon the facts, we think the evidence sufficient to sustain the verdict, and as the presiding judge approved it, we will not interfere with the judgment of those who saw the witnesses and heard their testimony, and tried the whole case fairly and fully, in the main.

It makes no difference, in our judgment, whether the evidence was all introduced by one party, or by both. If there be apparent conflict, it is for the jury to reconcile it, if they can; if they cannot, then to believe those witnesses, or that testimony, which commend themselves, or itself, most to their judgment, and thus elicit the truth from the whole evidence, no matter who puts it before them.

Judgment affirmed.