19703.   CRANE *v.* ATLANTA & LOWRY NATIONAL BANK.

DECIDED JUNE 27, 1929.

Application for certiorari was made to the Supreme Court.

*Hoke O'Kelley,* for plaintiff.   *J. H. Porter,* for defendant.

LUKE, J.   J. T. Crane brought suit in the municipal court of Atlanta against the Atlanta & Lowry National Bank, alleging that

the defendant was indebted to him in the sum of $248 on a certain check in which he was payee, and which was indorsed on the back in his name and the names of Fred W. Flint, O. L. Simmons, the defendant bank, and Farmers & Traders Bank, that the alleged indorsement in his name was not made by him or any one authorized by him, and that neither he nor any authorized agent of his ever received payment thereon; that under the said forged indorsement and the subsequent indorsements, the *defendant obtained payment* on said check, to which it had no title, and has never paid petitioner (payee in the check) any part thereof.

The judge of the municipal court rendered judgment for the plaintiff, and the bank made a motion for a new trial, which was overruled. The bank then appealed to the appellate division of the municipal court. The appellate division reversed the judgment of the trial judge, and rendered judgment in favor of the defendant. The plaintiff then carried the case, by certiorari, to the superior court, and that court overruled the certiorari. The plaintiff then brought the case to this court, assigning error upon the judgment overruling the certiorari.

Upon the trial of the case in the municipal court the bank offered in evidence the record in a case wherein the plaintiff Crane and his wife obtained a rule in the superior court against Fred W. Flint, a lawyer, alleging that Flint was employed by them to partition certain properties, and that as a result of his employment he collected $248 for Crane, and that he failed to account for the same. Final judgment was rendered in favor of Flint.

It must be, and is, conceded that the plaintiff could lawfully "pursue any number of consistent concurrent remedies against different persons until he obtained satisfaction from some of them." The question for determination is, did Crane, by suing first his own lawyer and later the bank, to recover the same money, pursue consistent or inconsistent remedies. Did he, by the suit against Flint, acknowledge that Flint had authority to collect the money on the check, or ratify Flint's action in collecting the check? Did he, by the suit against Flint, make an election between remedies that would preclude and bar him from later suing the bank?

We think that Crane's petition for a money rule against his lawyer, Flint, was evidently based upon section 4954 of the Civil Code, and acknowledged the relation of attorney and client. The

right to the rule grows out of the relation of attorney and client. Of course, the mere fact that Flint was employed by Crane to partition the properties did not give him the authority to sign Crane's name on the back of the check and cash it, since the check was made payable to Crane, and not to Flint as attorney for Crane. However, viewing the matter from one angle, when Crane petitioned for the rule against Flint he ratified Flint's action in indorsing the check by saying: "You properly collected my money, but you are improperly withholding it from me. Therefore pay me." The record before us shows that in Crane's suit against Flint the plaintiff alleged that "Flint was employed to prosecute a petition to partition certain properties in Talbot county, Georgia, and that, as a *result of his employment,* he collected in October, 1925, $248 for J. T. Crane, . . that he collected the money and failed to account for same." Under this view of the matter it would be inconsistent to say that Flint *properly* collected the check, yet that the bank improperly paid it to him.

Viewing the matter from another angle, we find that Crane in his suit against Flint says: "You are the one who improperly collected the money on my check, and you are the one who owes me. Therefore, pay me." And after he fails to collect from his attorney he says to the Atlanta & Lowry Bank: "You are the one who improperly collected my money from the drawee bank on a check payable to me and not indorsed by me, and the money which you have so collected is mine, and you had no right to pay it to any one else; so *you* are the one who owes me. Now, *you* pay me." Under this view also Crane is inconsistent.

A person can not prosecute two inconsistent remedies. In the case of *Hand* v. *Brown,* 144 *Ga.* 272 (86 S. E. 1080), Hand placed four executions with Brown, the sheriff, for collection. Instead of selling the property, the sheriff accepted a forthcoming bond. Under these circumstances Hand "could have proceeded directly against the sheriff by an action on the case, or by rule; or he could, if the bond had been taken without authority, ratify the action of the sheriff and sue upon the bond." He elected to sue upon the bond, but the judgment obtained proved fruitless because of the insolvency of the defendants. Failing to collect the money out of the bond, the plaintiff undertook to hold the sheriff

liable for releasing the property under the forthcoming bond. The Supreme Court held (p. 274) : "The two remedies are inconsistent; and the rule is that where the law supplies to a party two or more methods of redress in a given case, based upon inconsistent theories, however those methods may differ either in the form or forum of procedure or in the personality of the parties to the several proceedings, a party is put to his election, and his choice of either is a bar to the other. Having elected to bring a suit upon the forthcoming bond, which carried the necessary implication that the property had been released by the sheriff, either by previous authority or by ratification with a knowledge of all the facts, he is not now entitled to the summary remedy of a rule against the sheriff, predicated upon an inconsistent theory." Applying that decision to the instant case, we would say that Crane, having previously elected to obtain a rule against his lawyer, Flint, for money realized on the check, which carried the necessary implication that Flint either had previous authority to collect it or that Crane ratified its collection with knowledge of all the facts, he is not now entitled to the remedy of a suit against the bank, predicated upon an inconsistent theory.

In the case of *Equitable Life Assurance Society* v. *May*, 82 *Ga.* 646 (9 S. E. 597), executors, acting under direction in a father's will, collected a policy of insurance, to the proceeds of which his children were entitled. The children procured a decree in chancery against the executors. One of them afterwards brought suit against the insurance company on the policy. The Supreme Court said (p. 655) : "The owners of the policy (the children) could not have title to it but by an election to treat it as their money in the hands of the executors. This they did; and their doing so was essential to obtaining the decree rendered in their favor against the executors. . . No doubt the children had the right, had they chosen to exercise it, to repudiate this act. But instead of doing so, they chose to adopt it and to claim the fruits of the authority to collect which that act endeavored to create. . . A plaintiff may pursue any number of concurrent remedies against different individuals, until he obtains satisfaction from some of them. But this rule does not hold touching inconsistent remedies; and remedies are inconsistent when the right to any of them necessarily yields or concedes the right to another. And such is the case here."

Plaintiff's petition for a money rule against his attorney, to recover the proceeds of the check alleged to have been obtained by the attorney, is inconsistent with his subsequent suit against the bank to recover the proceeds of the check on the ground "that defendant [the bank] obtained said payment on said check;" and the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*