## JOHNSON *v.* EPTING *et al.*

No. 12035.    MARCH 9, 1938.    REHEARING DENIED MARCH 18, 1938.

*McElreath, Scott, Duckworth & DuVall* and *J. L. Riley*, for plaintiff in error.

*Eugene A. Epting* and *Bertram S. Boley*, contra.

HUTCHESON, Justice.   The plaintiffs (defendants in error) contracted with a corporation through an individual as its agent, for the rendition of certain services, and were paid therefor by the corporation.   Five years later the plaintiffs entered into a similar contract with the same individual as agent of a trade-name organization, the name of which was similar to that of the corporation, and, without actual notice that the trade-name organization was owned by the agent as an individual and not by the corporation, brought suit against the corporation upon the refusal of the corporation and the individual to pay for the services rendered.   At the close of the plaintiffs' evidence the corporation moved for a nonsuit, and the plaintiffs were informed then for the first time that the agent as an individual, who was then present in court for the purpose of defending the suit against the corporation, claimed to be the owner of the trade-name organization.   The plaintiffs did not dismiss the suit, but introduced evidence of the prior contract with the corporation through the agent; whereupon the court overruled the motion for nonsuit.   Upon refusal of the corporation to introduce evidence, the plaintiffs asked for and obtained a judgment on the ground that "the liability of the corporation has been shown by virtue of the fact that it, or its agents, had not notified plaintiff of any change in the status, if such change had in fact taken place, as it was their legal duty to do."   After the rendition of the judgment against the corporation the plaintiffs discovered that the trade-name organization had been registered as owned by the agent as an individual, which name had not been registered until after the rendition of the judgment.   In a subsequent suit against the corporation and the individual, the plaintiffs alleged the above transactions, and that the individual, by withholding the trade-name from registration, fraudulently in-

duced the plaintiffs to sue the corporation, and that the individual acting both for himself and the corporation by so commingling the business of both perpetrated a fraud. The plaintiffs sought judgment against the individual, and offered to cancel the judgment against the corporation upon the rendition of a judgment against the individual. The court sustained certain special grounds of demurrer to that part of the petition alleging that as against the plaintiffs, the individual was fraudulently in possession of the "assets and property" of the corporation. The plaintiffs were allowed to amend within twenty days. The court overruled the other grounds of demurrer to the petition.

1. No amendment was made to meet the ground of special demurrer which was sustained; and the case is treated in its appearance in this court without the benefit of the allegations so stricken.

2. "Where the law supplies to a party two or more methods of redress in a given case, based upon inconsistent theories, however those methods may differ either in the form or forum of procedure or in the personality of the parties to the several proceedings, a party is put to his election, and his choice of either is a bar to the other. *Bacon* v. *Moody,* 117 *Ga.* 207 (43 S. E. 482)." *Hand* v. *Brown,* 144 *Ga.* 272, 274 (86 S. E. 1080).

3. Even if we assume, for the purposes of the instant case, that the plaintiffs did not have knowledge of their remedy against the individual before the institution of the previous suit, they acquired such knowledge upon argument of the motion for nonsuit by the corporation; and instead of dismissing the suit against the corporation, they proceeded to judgment against the corporation on the theory that having previously contracted with it through the individual as its agent, without notifying the plaintiffs of the agent's lack of authority to bind the corporation, the corporation was then estopped to deny that authority. Having elected to proceed upon the contract as that of the corporation, and not as that of the individual, and having obtained judgment thereon under the circumstances alleged and now holding the judgment uncanceled, the plaintiffs have waived any rights they might have had against the individual under the contract. The alleged fraud, if any, occurred before the election made, and became immaterial to a consideration of the case.

4. The judge erred in overruling the general demurrer to the petition. In view of the rulings stated above, it is unnecessary to pass on the special demurrers, or upon the motion for new trial, the further proceedings in the case being nugatory.

*Judgment reversed. All the Justices concur.*