40558. WINN, Executrix v. NATIONAL BANK OF ATHENS.

134

DECIDED JULY 9, 1964—REHEARING DENIED JULY 24, 1964.

136

*Guy B. Scott, Jr., O. J. Tolnas,* for plaintiff in error.

FELTON, Chief Judge. ■ The court did not err in consolidating cases Nos. 14399, 14621 and 14649. All three actions involved the alleged breach of a contract between J. H. Winn, as a depositor, and the defendant bank. The last two actions involved breaches similar to those pleaded in the first action. Almost identical evidence and verdicts would be involved in all three actions. We think *Code* § 3-112 covers the situation here. See also *Bainbridge Farm Co. v. Ball & Reynolds,* 165 Ga. 582, 587 (141 SE 647).

■ J. H. Winn objected to evidence introduced by the bank which consisted of part of the allegations made in an action filed by J. H. Winn prior to the filing of the three consolidated actions which allegations showed that J. H. Winn, in said prior action, had sued to recover from Helen Bridges and Ethel Vinson the proceeds of the checks alleged to have been paid by the bank to the defendants, *as the property of J. H. Winn.* The objections to the evidence were that there was at that time no plea of estoppel or election of an inconsistent remedy and that the evidence was therefore irrelevant and immaterial. The court did not immediately rule on these objections to the evidence of the prior action but deferred action pending an amendment of the defendant. The defendant filed an amendment setting up the defenses of ratification of the acts of the defendants in the prior action and of the election of an inconsistent remedy. The exception that the court should have excluded the evidence without waiting for the defendant to file the amendment was not error. It is reasonable to assume that the bank apprised the court of the nature of the proposed amendment and that the court reserved its ruling until after the filing of the amendment to avoid wasting time by disallowing the evidence at the time and having to go to the trouble of making another ruling after the filing of the amendment and the re-introduction of the evidence. After the filing of the amendment the court overruled the demurrer to it and admitted the evidence which showed that both the former action and the present consolidated actions involved the same checks. The court did not err in overruling the demurrer to the amendment or in admitting the evidence. These rulings are the crux of the case. If the court was correct in its rulings, a judgment in favor of the bank was demanded, and rulings on other matters by the court and auditor are unnecessary. We hold that the rulings were correct. The first action against Bridges and Vinson is based on the allegation that the money paid out by the bank and charged to J. H. Winn's account was the property of J. H. Winn and such an action amounted to a ratification of the acts of these defendants and the election of a remedy inconsistent with the present action which is based on the theory that the bank in paying out money

on the forged checks or forged endorsements was paying out its own funds. The actions of forgers may be ratified. *Groover v. Savannah Bank &c. Co.,* 60 Ga. App. 357 (4) (3 SE2d 745); *Greene v. Golucke,* 202 Ga. 494 (43 SE2d 497). Where one is faced with having to make a choice between two or more inconsistent remedies he must make his choice before instituting an action. The choice of one remedy by filing an action is irrevocable. *Land v. Hall,* 46 Ga. App. 404 (167 SE 711) and cases cited; *Groover v. Savannah Bank &c. Co.,* supra; *Southern Federal &c. Assn. v. Firemen's Benevolent Assn.,* 72 Ga. App. 663 (34 SE2d 674); *Crane* ● *Atlanta &c. Nat. Bank,* 40 Ga. App. 83 (149 SE 58). Hence the plaintiff could not amend his first action so as to strike so much of his first action as was inconsistent with the second. But his effort to so amend precludes him from asserting that the first action was and is void for lack of prayer for process. He cannot contend that the first action is dead and try to treat it as living. The contention that the first action was but the choice of a mistaken remedy is not tenable as shown by the foregoing authorities showing that forgeries may be ratified.

Whether some or all of the checks were forged as to the maker's signature, and whether some were forged as to the payees' endorsement or whether there were combinations of the two, the principle is the same. The bank either paid out its own money, the basis of the present action, or it paid it out as the plaintiff's property by charging the checks to his account, the basis of the first action. These two bases for recovery are inconsistent and the rule as to such remedies applies. In addition, if there were fictitious payees, in any sense of the term, and a forgery of the signature as to the maker, the forger of the maker-signatures would necessarily be a co-conspirator with the one forging the payees' signatures and a ratification of the actions of the one who forged the maker-signatures would carry with it the ratification of the forgeries of the payees' signatures. As to the check or checks having only forgeries of the payee-signature the doctrine of election of remedies alone would be enough to bar the second action because of its inconsistency with the first. As to most of the checks both pleas apply cumulatively.

The contention of Mr. Winn that the two causes of action must be the same for the doctrine of election of remedies to apply is without merit. He cites for the contention *Dykes v. McVay*, 67 Ga. 502. That case has reference to *Code* § 3-601 and does not involve the doctrine of election of an inconsistent remedy.

The defendant filed a motion for a summary judgment which the court referred to the auditor. The auditor made his report on his findings of law and fact and rendered a so-called summary judgment. The motion for summary judgment was in fact only a motion that the auditor render a judgment on the pleadings and evidence on the question of an inconsistent remedy and ratification. Both the law and the facts under the correct findings of law and fact by the auditor demanded a finding and judgment in favor of the bank on the plea and proof of the election of an inconsistent remedy and ratification. The court did not err in its findings and in overruling the exceptions of the plaintiff to the overruling of the motion to recommit the case to the auditor for further findings, the overruling of the exceptions of law and in refusing to submit the issue of fact to a jury since the facts were undisputed and demanded the judgment rendered with one exception which we shall deal with in the 4th division.

■ The bank filed a demurrer to case No. 14621, consolidated with the main case, on the ground that it was not alleged that the defendant had ever been given written notice that the payee and endorsement of the check involved was unauthorized (as required by the Code section then in effect, *Code* § 13-2052.) It also filed a demurrer to case No. 14649 on the ground that it was not alleged therein that written notice of the fact that the maker's signature on the two checks involved was unauthorized (as required by *Code* § 13-2044.) The auditor sustained these demurrers and dismissed the action as to these checks and the court approved the auditor's rulings. Winn's contention is that the demurrers were improperly sustained because the two Code sections above referred to did not and do not apply to National Banks. This contention is without merit and the court's ruling is affirmed. Lewis v. Fidelity & Deposit Co. of Maryland, 292

U. S. 559 (54 SC 848, 78 LE 1425); National City Bank v. Continental Nat. Bank &c. Co., 83 F2d 134.

■ The petition alleged: "That the defendant carries insurance against losses by forgery with American Surety Company, and to aid the defendant in the enforcement of the obligation of said surety company to cover the loss above set forth, plaintiff at defendant's request incurred an expense of $4.12 for the making of machine copies of certain of said checks furnished to said surety company, and incurred an expense of $84 for clerical work in assembling deposit slip at said bank and $102.50 for an audit of plaintiff's records, for the purpose of showing a loss to plaintiff in reference to said checks, as well as to other transactions, for which expenses so incurred the defendant is indebted to plaintiff in the sum of one hundred ninety and 62/100 dollars." The bank demurred to this paragraph as follows: "Defendant demurs to and moves to strike Paragraph 9 on the ground that the same sets out no cause of action against this defendant; and on the further ground that same is an attempt to join in this action a wholly separate and distinct claim and cause of action; and defendant further moves to strike all references in said paragraph to insurance and American Surety Company on the ground that same is immaterial and is prejudicial to defendant." The court sustained this demurrer and struck paragraph 9 of the petition. It was error for the court to strike the entire paragaph. The facts are sufficient to show an implied promise by the bank to pay for the items listed. *Code* § 3-107. There was no objection that this item of indebtedness should not have been joined in a single count. A count on an implied contract may be joined with one on a special contract. *Gray v. Bass*, 42 Ga. 270; *Ware v. Reese*, 59 Ga. 588.

The rulings and judgment of the superior court affirming those of the auditor on the question of election of remedies and ratification are affirmed. The judgment of the court striking paragraph 9 of the petition is reversed with direction that the case proceed on this one issue.

*Judgments originally affirmed in part and reversed in part are adhered to on rehearing. The costs are taxed against defendant in error. Frankum and Pannell, JJ., concur.*