41200, 41201.   OTIS v. WREN MOBILE HOMES, INC.
et al.  (two cases).

Submitted March 3, 1965—Decided April 21, 1965—
Rehearing denied May 10, 1965.

*Lanier, Powell, Cooper & Cooper, Jack L. Cooper,* for plaintiffs
in error.

*Fulcher, Fulcher, Hagler & Harper, J. Walker Harper,* contra.

Frankum, Judge.   The assignment of error in each of these
cases raises but one question for this court's decision, to wit:
Where a plaintiff is injured by a trespass committed by the
servants and employees of one corporation and brings suit to
recover damages sustained as a result of that trespass against
that corporation and against another corporation for whom the
first is alleged to have been acting as agent at the time of the
commission of the trespass, and where before the case is called
for trial the plaintiff accepts the payment of a sum of money
from the alleged agent corporation and gives to it in exchange
therefor a covenant not to sue, which recites that it is in no
way to affect the rights of the plaintiff against the principal
corporation, is to be construed as a "covenant not to sue only"
and "may be pleaded as a defense to any action or other pro-
ceeding which may be brought, instituted or taken by" *the
plaintiff* against the agent corporation in breach of the covenant;
does such covenant bar the plaintiff from proceeding against the

principal corporation where the sole basis of liability asserted against such principal corporation is upon application of the doctrine of respondeat superior because of the tortious acts of the agent corporation acting through its servants and employees?

It is conceded by the plaintiffs in error and by the defendant in error that there is no Georgia case directly deciding this question. The trial court, in sustaining the principal corporation's pleas in bar, held that the plaintiffs were barred by the execution of the instruments in question, apparently upon the theory that where the plaintiff's cause of action against the agent or servant has been extinguished, the cause of action against the master or employer, being purely derivative in character, must also be extinguished. In support of the rulings of the trial court the defendant in error cites the cases of Simpson v. Townsley, 283 F2d 743; Bacon v. United States, 321 F2d 880; and Stewart v. Craig, 208 Tenn. 212 (344 SW2d 761), all of which involved the effect to be given to covenants not to sue made to an employee of the defendant, where the plaintiff's right of action against the defendant depended, as here, solely on an application of the doctrine of respondeat superior. Those cases are clearly distinguishable, however, from the cases now before the court, in that in each of them the covenant involved contained additional language indemnifying and agreeing to hold harmless the covenantee against damages by reason of the plaintiff's demand or by reason of any further action being brought on account thereof. In each of those cases the language of the covenant was construed in the light of the applicable law to constitute a release, acquittal and discharge from liability of the covenantee and a complete satisfaction of the plaintiff's *cause of action*. In each of those cases, the conclusion reached was based partly upon a consideration of the fact that under the law of the jurisdiction wherein the cases originated, the master or employer of the covenantee-employee would be subrogated to the rights of the covenantor against such covenantee upon his recovery against the master or employer. Thus, in those cases a recovery by the covenantor against the master or employer would merely result in vesting in such master or employer a right to recover against the covenantee on account thereof, and any attempt by the master or employer to enforce this right would

constitute a breach of the covenant for which the covenantee would immediately have a right of action over against the plaintiff-covenantor. So, in order to avoid a circuity of actions, covenants not to sue containing a broadly worded indemnity clause, such as was involved in those cases, were construed to amount to a release and extinguishment of the plaintiff's cause of action, not only as to the covenantee but also as to his master or employer.

In the present cases it is unnecessary and indeed would defeat the express language of the covenants to construe them so as to give them the effect given the covenants in those cases. Conceding that the principal would be subrogated to the rights of the covenantors against the covenantee in the event of a recovery by the covenantors against the principal (see *Georgia Sou. &c. R. Co. v. Jossey,* 105 Ga. 271, 31 SE 179), the covenants in these cases are not so broad as those in the cases cited and relied on by the defendant in error. Here the covenantors merely covenanted that they themselves would not sue the covenantee and that the covenants might be pleaded by the covenantee as a defense "to any action or other proceeding which may be brought, instituted or taken by" *the covenantors* against the covenantee in breach of the covenants. The instruments expressly reserve the rights of the covenantors against the principal corporation and cannot be construed therefore as constituting an extinguishment of the covenantors' cause of action against the covenantee or its principal, but merely as extinguishing the right of the covenantors to pursue their remedy against the covenantee, since a cause of action may exist though the remedy does not. Chandler v. Horne, 23 Ohio App. 1 (154 NE 748). The agreements were merely that the causes of action would never be sued. It follows that the trial court erred in sustaining the pleas in bar and in dismissing the actions as to the principal corporation. See *Kendrick v. O'Neil, Foster & Co.,* 48 Ga. 631.

*Judgment reversed. Bell, P. J., and Hall, J., concur.*