44941, 44942. HENDERSON et al. v. GARBUTT et al. (two cases).

EBERHARDT, Judge. Mr. and Mrs. Garbutt filed companion suits against Mary Ann Henderson and other defendants, for ease of reference here called the Garvin group and the Goethe group, alleging that Mrs. Garbutt suffered personal injuries in an automobile collision caused by the concurrent negligence of the defendants. The liability insurance policy of the Garvins provided that the insurance company could settle any suit brought against them without their written consent, and the company and plaintiffs entered into an agreement pursuant to which a covenant not to sue the Garvins was drawn. The Garvins did not give written consent to the agreement, and the covenant not to sue was executed by the plaintiffs although the insurance company did not inform them in writing of the lack of consent of the insured Garvins. The covenant was consummated by the payment of $2,500 to plaintiffs, who in turn dismissed the Garvins from the suits.

Defendants Henderson and Goethe filed their joint motion for

summary judgment and plea of accord and satisfaction, contending that "by reason of the failure of the insurer to obtain the written consent of the insured or, in the alternative, to give notice to [the plaintiffs] that they were settling without the written consent of the insured, said covenant, under the terms of Code § 56-408.1 (Ga. L. 1963, p. 643) became of no effect and null and void." It was then argued that since the covenant not to sue was of no effect and null and void, the dismissal of the Garvins in consideration of a sum of money resulted in a "settlement in fact" which had the effect of discharging the remaining joint tortfeasors.

The trial court entered an order overruling the motions and certifying its order for immediate review, and defendants Henderson and Goethe appeal. *Held:*

We affirm. The distinction between covenants not to sue, whereby the plaintiff accepts a satisfaction of only part of the claim, and releases, whereby plaintiff accepts full satisfaction for the entire claim and thereby relinquishes entirely his cause of action and extinguishes the liability of joint tortfeasors, is well established. See, e.g., *Kendrick v. O'Neil, Foster & Co.,* 48 Ga. 631; *Moore v. Smith,* 78 Ga. App. 49 (1) (50 SE2d 219); *Atlantic C. L. R. Co. v. Ouzts,* 82 Ga. App. 36 (2) (60 SE2d 770); *Register v. Andris,* 83 Ga. App. 632 (64 SE2d 196); *Harmon v. Givens,* 88 Ga. App. 629, 632 (77 SE2d 223); *Doster v. C. V. Nalley, Inc.,* 95 Ga. App. 862, 864 (99 SE2d 432); *Gordon County v. Cochran,* 103 Ga. App. 412, 417 (119 SE2d 368); *Otis v. Wren Mobile Homes, Inc.,* 111 Ga. App. 649 (143 SE2d 8); *National Upholstery Co. v. Padgett,* 111 Ga. App. 842, 844 (143 SE2d 494); *Pennsylvania Threshermen &c. Co. v. Hill,* 113 Ga. App. 283 (148 SE2d 83). Whether a given transaction amounts to a settlement and an accord and satisfaction of the entire claim, or is a pro tanto payment only, is governed by the law of contracts and requires a meeting of the minds, a subject explored in the *Pennsylvania Threshermen's* case, supra, where no written release or covenant not to sue was executed. *Harmon v. Givens,* supra, where a written instrument was executed, states it in this manner at page 634: "The primary consideration in the construction of such instruments is whether they show *an intention* on the part of the injured person to acknowledge a full satisfaction of his damage and injury, and so to relinquish the cause of action and extinguish the liabil-

ity of all the persons involved in causing the damage, or whether they show *an intention* only to accept a satisfaction of a part of the claim. And the *intention of the parties,* as shown by the instrument, will be given effect regardless of what the parties may call the instrument." (Emphasis supplied).

The fallacy in defendants' contention in the instant case lies in the attempt to divorce the intention of the parties as expressed in the covenant not to sue from the action taken in consummation of that very covenant. Clearly the payment was not made and accepted as full compensation in full settlement or satisfaction for the injuries but, on the contrary, related solely to the covenant not to sue. It is pointed out that Mrs. Garbutt was asked: "You were satisfied to accept this $2,500 and dismiss against the Garvins? You did this of your own volition?" and she answered, "Yes." This testimony, however, cannot be construed to impute an intent on her part to extinguish the cause of action against the remaining defendants. *National Upholstery Co. v. Padgett,* supra, pp. 844-845; *Pennsylvania Threshermen &c. Ins. Co. Co. v. Hill,* supra, p. 294. The payment being made in furtherance of the covenant not to sue, its invalidity for failure to give the notice required by *Code Ann.* § 56-408.1 cannot by some mysterious process supply a meeting of the minds that the payment was made and accepted in full settlement of the whole claim. The gist of the matter is that steps were taken to consummate an invalid contract; and whatever may be the rights and duties between the contracting parties as to the payment and dismissal, a matter not now before us, appellants here can derive no benefit from it.

Appellants cannot prevail for another reason, however. Even if it could be said that in legal contemplation there were two transactions involved—a covenant not to sue and, because of the invalidity of the instrument itself, an "in fact settlement" which remained standing—the "in fact settlement" is as void as the covenant. *Code Ann.* § 56-408.1 provides that "upon the failure of the insurer to give such [written] notice to such third persons [plaintiffs here] of the lack of consent of such insured, such release, covenant not to sue *or other settlement* shall be of no effect, null and void." Our conclusion must be that however the matter can be reviewed, appellant joint tortfeasors may not set up the

transaction between the Garvins and plaintiffs in bar of the latter's claims against them.

Judgment affirmed. Jordan, P. J., and Pannell, J., concur.

ARGUED FEBRUARY 3, 1970—DECIDED MARCH 2, 1970.

Falligant, Doremus, Karsman & Maurice, Stanley Karsman, Kennedy & Sognier, John W. Sognier, for appellants.

Adams & Nichols, Ronald F. Adams, William F. Braziel, Gibbs & Leaphart, Alvin Leaphart, for appellees.