## 47933, 47950. GARRETT v. GARRETT (two cases).

EVANS, Judge. Henry Wayne Garrett sued Robert S. Garrett and W. S. Pruett Construction Company for property damage and personal injury arising out of collision between two automobiles driven respectively by plaintiff Garrett and defendant Garrett, who were not related to each other. The collision occurred in the vicinity of an intersection of two roads in Cobb County where defendant Pruett was engaged in a construction operation. The petition alleged that plaintiff Garrett was struck in the rear by the defendant Garrett when plaintiff was forced to slow down or stop because of the blockage of the main traveled portion of the road by defendant Pruett's construction equipment.

After defendants filed their answers, and after discovery, a pre-trial order was filed. The case came on for trial, and the plaintiff filed a voluntary dismissal with prejudice as to the defendant, W. S. Pruett, who was then ordered dismissed by the court.

During the course of the trial, defendant made a motion to dismiss plaintiff's case, contending that the dismissal of the co-defendant with prejudice operated as a bar to any further claim by plaintiff against anyone. Defendant also moved for a directed verdict upon the same ground. Both motions were overruled. A verdict for $100 was returned in favor of plaintiff, upon which, judgment was regularly entered.

Plaintiff filed a motion for new trial, and defendant filed a motion for judgment notwithstanding the verdict in accordance with his previous motion for directed verdict, which was later amended. Defendant's motion for judgment notwithstanding the verdict was denied, and the plaintiff's motion for new trial was granted. Defendant Garrett has filed two separate appeals to these judgments here. *Held:*

1. Defendant contends that the plaintiff's voluntary dismissal with prejudice as to his co-defendant, constitutes a bar to any further claim by plaintiff against any person. Defendant contends that such dismissal was an adjudication on the merits of the case, and extinguished plaintiff's entire claim; and that under such status of the case, a verdict in favor of the remaining defendant was demanded.

Under the recent case of *North Carolina Nat. Bank v. Peoples Bank,* 127 Ga. App. 372 (1) (193 SE2d 571), this court stated the general rule that a plaintiff is not required to join all tortfeasors to recover for damages sustained, nor may the plaintiff be compelled to bring in other tortfeasors; nor is he required to join all tortfeasors in one suit to recover the damages sustained. Also see *Wall v. Wall,* 176 Ga. 757 (1) (168 SE 893). This rule applies here where plaintiff elected to dismiss one of the alleged tortfeasors and to proceed against the other. It is clear from the pleadings that the alleged negligence of the two defendants was not the same.

2. But defendant contends further that the voluntary dismissal with prejudice by the plaintiff of the other tortfeasor resulted in accord and satisfaction by reason of the release of a codefendant which would release the other. An examination of the entire record and transcript fails to disclose any agreement, contract or matter which could result in an accord and satisfaction. The evidence fails to show any facts which would demand judgment in favor of the defendant Garrett by reason of the dismissal with prejudice of the other alleged tortfeasor. This case is quite different on its face from that of *Edmondson v. Hancock,* 40 Ga. App. 587, 591 (151 SE 114). In the *Edmondson* case, a payment of money to plaintiff was shown, in consideration of which plaintiff released the defendant railroad and sought to continue with the suit against

the defendant Hancock. It was quite properly held therein that such payment of money and release also operated as a bar to continuing the suit against the other defendant. It is likewise different from *Giles v. Smith,* 80 Ga. App. 540, 542 (56 SE2d 860); *Donaldson v. Carmichael,* 102 Ga. 40 (29 SE 135); and *Griffin Hosiery Mills v. United Hosiery Mills,* 31 Ga. App. 450 (120 SE 789), cited by defendant here. In each of the three cases above cited a payment of money to plaintiff in consideration for release of one defendant was shown. But in the case sub judice no payment of money is shown, and no release was signed, and therefore, there was no accord and satisfaction, as is contended by appellant.

3. It is a well settled principle of law that in the first grant of a new trial the trial judge has a broad discretion and having exercised that discretion the appellate courts are powerless to interfere unless the verdict was demanded. The evidence did not demand a verdict here for the defendant. Code §§ 70-202, 6-1608; *Newton Banking Co. v. Hudgins,* 14 Ga. App. 229 (1) (80 SE 675); *Lawson v. Lawson,* 61 Ga. App. 787 (2) (7 SE2d 603); *Buchanan v. Nash,* 211 Ga. 874 (1) (89 SE2d 637).

4. For the reason stated above none of the errors enumerated is meritorious.

*Judgments affirmed. Hall, P. J., and Clark, J., concur.*
ARGUED FEBRUARY 8, 1973 — DECIDED MARCH 5, 1973—REHEARING DENIED MARCH 22, 1973 —

*J. M. Grubbs, Jr., Adele Platt,* for appellant.
*McDonald, Dupree, Rodriguez & Moore, Hylton B. Dupree, Jr., James D. Stokes,* for appellee.