## 48754. ROWLAND v. VICKERS.

ARGUED NOVEMBER 5, 1973 — DECIDED FEBRUARY 13, 1974 — REHEARING DENIED MARCH 5, 1974 —

122

*Jack J. Helms, Farrar & Farrar, Arthur Farrar, Curtis Farrar,* for appellant.

*Bennett, Pedrick & Bennett, John W. Bennett, Preston & Preston, Montgomery Preston,* for appellee.

DEEN, Judge.

It is the contention of the plaintiff that the settlement of the Aldridge lawsuit amounted only to a covenant not to sue and does not bar the prosecution of the present action. Where joint and several tortfeasors are involved it becomes a question of whether the settlement is a pro tanto payment for the purpose of allowing one of the defendants to "buy his peace" or whether it is intended as a settlement of the tort under the rule that there can be but one satisfaction of a right of action and that the release of one joint tortfeasor releases all. The case against Aldridge was terminated by a final judgment of the trial court which recited that it and the agreement on which it was based *terminated all issues,* which certainly means that, so far as the plaintiff is concerned, she received a substantial sum of money

because of the negligence of Aldridge being the proximate cause of her injuries.

At what point has the plaintiff elected her remedy and obtained "a satisfaction"? Prior to 1967 (Ga. L. 1967, pp. 226, 247) it was well established that the plaintiff had to choose prior to judgment (except for a voluntary dismissal of the action *without* prejudice) which of two defendants he would hold accountable for the injury where the liability of one was repugnant to the liability of the other. *Johnson v. Epting,* 185 Ga. 667 (196 SE 413); *Crane v. Atlanta &c. Nat. Bank,* 40 Ga. App. 83 (149 SE 58); *Winn v. National Bank of Athens,* 110 Ga. App. 133 (138 SE2d 89). Thereafter Code § 3-114 was changed from the right to pursue "consistent concurrent remedies against different persons until he shall obtain a satisfaction from some of them" to "consistent or inconsistent remedies against . . . different persons until he shall obtain a satisfaction from some of them."

The question is therefore not whether the remedies were consistent, and not whether the settlement was a covenant not to sue or a release, but whether the plaintiff has obtained "a satisfaction" against a person which precludes another satisfaction based on a repugnant theory of what happened. She cannot under any circumstances hold both Aldridge and Vickers. Her settlement of the suit against Aldridge which "settled all issues" according to the judgment rendered, which was for a substantial sum and which depended for its existence entirely on the fact that the defendant in the present appeal was *not* at fault, amounts to "a satisfaction" and bars a subsequent suit against another person on the same cause of action.

Further the plaintiff, having entered into an agreement settling the issue of whose negligence was the cause of her injuries, and having procured this agreement to be made the judgment of the court and having procured a substantial consideration, is now estopped to contend that the injuries were in fact caused by another, where there can be no issue of joint liability, and the liability of the one in and of itself establishes the innocence of the other.

The trial court did not err in granting Vickers'

motion for summary judgment.

*Judgment affirmed. Hall, P. J., Eberhardt, P. J., Pannell and Clark, JJ., concur. Bell, C. J., Quillian, Evans and Stolz, JJ., dissent.*

QUILLIAN, Judge, dissenting.

The question for determination is whether the plaintiff's "settling" her suit against Aldridge and the dismissal with prejudice barred her present action against the defendant for the same damages.

Code Ann. § 3-114 provides: "A plaintiff may pursue any number of consistent or inconsistent remedies against the same person or different persons until he shall obtain a satisfaction from some of them." In *McLendon Brothers v. Finch,* 2 Ga. App. 421 (3a, b) (58 SE 690), the landmark case on this issue, it is stated: "No matter what right the party wronged may have of electing between remedies or of pursuing different defendants for the same cause of action, when he once obtains full satisfaction from one source, his cause of action ends, and he can assert it no further. . . If the plaintiff in a suit brought upon a given cause of action accepts a sum of money in full settlement thereof, he can not thereafter set up the same cause of action against another whom he had the election of suing in the first instance." This court further said in the *McLendon* case on page 427: "That there can be but one satisfaction for the same cause of action is elementary. . . " See also *Edmondson v. Hancock,* 40 Ga. App. 587 (a, b) (151 SE 114), where a general release was given.

In *Newby v. Maxwell,* 121 Ga. App. 18 (172 SE2d 458), it was held that the plaintiff could bring a second suit on the same cause of action against a different person. There the determinative factor was that the plaintiff had not obtained satisfaction because the first judgment had not been paid.

*Henderson v. Garbutt,* 121 Ga. App. 291, 292 (173 SE2d 445), sets out in great detail the principles in this regard. We quote from that opinion: "The distinction between covenants not to sue, whereby the plaintiff accepts a satisfaction of only part of the claim, and releases, whereby plaintiff accepts full satisfaction for

the entire claim and thereby relinquishes entirely his cause of action and extinguishes the liability of joint torfeasors, is well established. [Citations omitted]. . . Whether a given transaction amounts to a settlement and an accord and satisfaction of the entire claim, or is a pro tanto payment only, is governed by the law of contracts and requires a meeting of the minds. . . ' The primary consideration in the construction of such instruments is whether they show an intention on the part of the injured person to acknowledge a full satisfaction of his damage and injury, and so to relinquish the cause of action and extinguish the liability of all the persons involved in causing the damage, or whether they show an intention only to accept a satisfaction of a part of the claim. . . The fallacy in defendants' contention in the instant case lies in the attempt to divorce the intention of the parties as expressed in the covenant not to sue from the action taken in consummation of that very covenant. Clearly the payment was not made and accepted as full compensation in full settlement or satisfaction for the injuries but, on the contrary, related solely to the covenant not to sue. It is pointed out that Mrs. Garbutt was asked: 'You were satisfied to accept this $2,500 and dismiss against the Garvins? You did this of your own volition?' and she answered, 'Yes.' This testimony, however, cannot be construed to impute an intent on her part to extinguish the cause of action against the remaining defendants."

*Garrett v. Garrett,* 128 Ga. App. 594 (197 SE2d 739), treats with still another situation where it was not clearly established that the plaintiff had obtained satisfaction in a prior suit. There again it was held that in such circumstances a second suit was entirely proper.

The majority has correctly stated that the key is that there be a satisfaction. Compare *Kelly v. Chrysler Corp.,* 129 Ga. App. 447, 451 (199 SE2d 856), in which the plaintiff accepted a sum in settlement and release of all claims and was thus barred. In my view, the fallacy of the majority decision lies in making no distinction between the legal effect of a covenant not to sue and a release in determining the crucial issue of whether there was a satisfaction. In *Otis v. Wren Mobile Homes, Inc.,* 111 Ga.

App. 649 (143 SE2d 8), the relevant principle is set forth: " A covenant not to sue merely extinguishes the right to pursue the remedy against the covenantee but does not extinguish the covenantor's cause of action." The *Henderson* case, 121 Ga. App. 291, supra, from which we have copiously quoted makes this perfectly clear. If the plaintiff merely relinquished the right to pursue her remedy against Aldridge, she did not obtain a full or complete satisfaction but only a partial one.

Since this case is on motion for summary judgment, we cannot presume from the language of the order that a release was given in full satisfaction of the plaintiff's claim. The fact that a settlement occurred is equally indicative of a covenant not to sue and a general release. There can be no positive inference as to one or the other. The burden was on the defendant as movant to establish that the plaintiff obtained satisfaction of her claim. The record before us does not demand that finding. Hence, it was error to grant the motion for summary judgment.

I am authorized to state that Chief Judge Bell and Judges Evans and Stolz concur in this dissent.