49605. GILMORE v. FULTON-DeKALB HOSPITAL AUTHORITY.

ARGUED SEPTEMBER 5, 1974 — DECIDED SEPTEMBER 25, 1974 — REHEARING DENIED OCTOBER 11, 1974 — 

*Irwin M. Levine,* for appellant.
*Jones, Bird & Howell, Harold N. Hill, Jr., Jack S. Schroder, Jr.,* for appellee.

DEEN, Judge.

In both cases a stated amount of damages was prayed for as the full value of the life of the decedent, and in each case the named defendant's negligence was alleged to be the sole proximate cause of the death. The acts of negligence alleged differ in time, place, and character. We have been cited to various cases, some of which will be subsequently discussed, involving general legal principles such as that (a) a release of one joint tortfeasor releases all; (b) verdicts void for repugnancy will not be allowed to stand; and (c) from a single injury there may be but one satisfaction. Under (a) it was held in *Penn. &c. Cas. Ins. Co. v. Hill,* 113 Ga. App. 283, 288 (148 SE2d 83): "[I]f the injured party gives a *release* upon a valuable consideration whether amounting to full compensation or not — the cause of action is surrendered, and since there is only one cause of action, all joint tortfeasors are released. But if there is no release, and the payment is not made and accepted as 'full compensation' it is only a pro tanto payment, for if the cause of action has not been surrendered, only full compensation will extinguish it. When a release is taken, the consideration

paid is presumptively full compensation." The same presumption — i.e., that a release or settlement is presumptively full payment — is also applied where the case is litigated to a jury verdict. As stated in *McLendon Bros. v. Finch,* 2 Ga. App. 421, 427 (58 SE 690): "Such a settlement is as complete an estoppel against another suit upon the same cause of action as a judgment recovered and paid off would have been." But in applying this rule, it must be carefully observed that it is relevant only to joint or joint and several tortfeasors, as where a guest in an automobile is injured by the concurring negligence of a host driver and the driver of another vehicle.

Under (b), supra, (the repugnancy theory) it has been held that where joint tortfeasors are not involved a slightly different question arises. In *Rowland v. Vickers,* 131 Ga. App. 121 (205 SE2d 503) the plaintiff was injured by a single defendant driving an automobile. He sued A, an occupant of the vehicle, as the driver, and obtained a settlement from him designated as a "settlement of all issues." He then sued B, the other occupant of the vehicle, alleging that B, not A, was the driver responsible for his injuries. The court held that the plaintiff, having obtained a satisfaction under Code Ann. § 3-114 under one set of facts was precluded from obtaining another recovery under an antithetical state of facts. Again, in *Kelly v. Chrysler Corp.,* 129 Ga. App. 447, 451 (199 SE2d 856) it was held: "Having charged [one] party as solely at fault, and having accepted a sum in settlement and release of all claims against the party he claimed to have been solely responsible [the plaintiff] cannot pursue another party under another theory completely contradictory and inconsistent with the contentions made in the first suit. Code Ann. § 3-114."

There are also situations where joint or concurring tortfeasors are not involved, and where mutually exclusive states of fact are not involved, but where the plaintiff is precluded from recovery because he has obtained a satisfaction of his injuries. The doctrine of single satisfaction, as pointed out in *Knight v. Lowery,* 228 Ga. 452, 455 (185 SE2d 915) exists for the reasons "first, that joint tortfeasors contribute to a single injury

for which there is but one cause of action, and, second, that once the damage has been paid in full by one joint tortfeasor, the injured party has no right to seek an additional or double recovery from another." Where the negligent acts do not occur to cause a single injury, and where full satisfaction has not been obtained, the *Knight* case establishes that another suit may lie. In that case it was held that a release given in exchange for a substantial payment to the party responsible for the plaintiff's injuries resulting from an automobile collision did not preclude a subsequent suit against a physician for negligent treatment of the same injuries unless (a) all damages, including those caused by the doctor, were paid in full, or (b) the parties intended by the settlement to release both tortfeasors. Further, the *Knight* case quotes Derby v. Prewitt, 187 NE2d 556, the gist of which is that the doctrine that while there is a presumption of full satisfaction where a release is given to one of several joint tortfeasors, as in the *Hill* and *McLendon* cases, supra, where the acts are consecutive and the injuries separable "there is no basis or justification for preventing the plaintiff, by an artificial rule of law, from recovering the full compensation to which she would otherwise be entitled."

It should also be pointed out that the presumption of full compensation was rejected in *Newby v. Maxwell,* 121 Ga. App. 18 (2) (172 SE2d 458) where the plaintiff, after suing a corporate defendant to judgment on account was unable to obtain satisfaction of the judgment and thereafter filed suit against a corporate stockholder on the same debt, it being held that under Code § 3-114 a plaintiff may pursue inconsistent remedies against different parties until a satisfaction is obtained from some of them. Assuming that the liability of the corporation and its stockholder was joint and several, this case plainly comes within the purport of the amendment to Code § 3-114 which allows a plaintiff to pursue inconsistent remedies until the debt or the damages are satisfied, absent a release or settlement. This accords with *Garrett v. Garrett,* 128 Ga. App. 594 (2) (197 SE2d 739) a tort action where the plaintiff first sued two parties for separate and distinct acts of negligence which he

alleged to have concurred to cause his injuries, then dismissed the action voluntarily with prejudice as to one of them. This decision is based on the conclusion that there was no settlement, release, or accord and satisfaction involved, for which reason the dismissal was not a bar to the action against the co-defendant.

From these cases a few general conclusions may be stated. First, where separate and concurring acts of negligence cause a single injury either or both may be pursued until a satisfaction, settlement, release, or accord and satisfaction is obtained from some, but this will end the right of action against all. Second, where a suit has been prosecuted to judgment, or a satisfaction obtained, the plaintiff cannot bring a second action the prosecution of which amounts to disproving the facts the party relied upon in establishing the first. Thirdly, a presumption of full satisfaction arises from settlement with a joint tortfeasor, but such a presumption does not obtain where both the acts and their consequences are separable, as in the *Knight* case. It is therefore possible to bring an action against an original tortfeasor for personal injury and against a physician for negligent aggravation thereof until full satisfaction is obtained from either or both, or until a release is obtained which the parties intend to inure to the benefit of both.

In the present case the plaintiff brought an action for the full value of the life of the decedent against the original tortfeasor, alleging that party to have been the sole and proximate cause of the death. She recovered a judgment and acknowledged that it was fully satisfied. Thereafter she brought this action against the hospital for subsequent acts of negligence alleging that its negligence was the sole and proximate cause of the death. Again she sought the full value of the decedent's life. While there is no essential repugnancy between these actions as there was in the *Rowland* and *Kelly* cases (because it is quite possible that the original injuries plus negligent treatment could combine to cause death) there is a repugnancy in the theories of action in that the plaintiff alleged in each case that the defendant involved was *solely* responsible for the *full value* of the decedent's life. This might well be true as to the liability of the

original tortfeasor (negligence in treatment being a foreseeable result of the injury). The physician or, as here, the hospital, on the other hand, could not be liable for injuries caused by the original defendant, but might be liable for negligence if its *negligence* caused a death which would not otherwise have occurred. On this latter theory the plaintiff cannot travel, having received a satisfaction of her claim for the full value of the decedent's life based on the theory that the original tortfeasor was the sole cause of the death.

As pointed out in the annotation "Release of One Responsible for Injury as Affecting Liability of Physician or Surgeon for Negligent Treatment of Injury," 39 ALR3d 260, §§ 4, 6, most states which have considered the question in recent years, while they have reached the conclusion that a release of the original tortfeasor is not a bar to a suit against the physician for aggravation of injuries, have taken a different view where death intervenes. In Almquist v. Wilcox, 115 Minn. 37 (131 NW 796), the stated reason was that the wrongful death statute provides but one cause of action, and settlement of that right of action with any party extinguishes it. In Bell v. Hankins, 249 N.C.199 (105 SE2d 642), this result was based on the fact that a general release of the initial tortfeasor barred the maintenance of a subsequent action. The same result was reached in Simmons v. Wilder, 6 N.C. App. 179 (169 SE2d 480), on the ground that the homicide statutes, being in derogation of law, should be strictly construed. On the other hand the case of Armieri v. St. Joseph's Hospital, 159 Misc. 563 (288 NYS 483), allowed an action against the attending physician, but only after holding that the instrument given to the original tortfeasors for a consideration of $200 constituted a covenant not to sue rather than a general release.

The record before us shows that the plaintiff satisfied her judgment against Nunnally, the original tortfeasor, in the following language: "Verdict and judgment. . . having been entered in favor of plaintiffs and against the defendant, and defendant having satisfied said verdict and judgment. . . it is hereby acknowledged that said verdict and judgment. . . have

been satisfied in full." This clearly meets the requirements of Code Ann. § 3-114 and extinguishes the right of action. The decision is in line with those of other states which have considered the question as it relates to wrongful death actions. No Georgia decision suggests any other alternative under the facts of this case. Accordingly, the judgment on the pleadings in favor of the defendant is affirmed.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*